DAN SANDERS v. THE STATE.

No. 13778.   Delivered November 26, 1930.
Rehearing denied January 21, 1931.
Reported in 34 S. W. (2d) 612.

The opinion states the case.

*John E. Sentell* of Snyder, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

A witness for the State testified to two purchases of whisky from appellant on the same day, one of a pint and the other of a half gallon.   His testimony was corroborated by other witnesses.

Appellant's testimony, likewise corroborated, amounted to a denial of the transactions testified to by State's witnesses.

Only one bill of exception appears in the record, which presents the alleged error of the court in overruling appellant's application for a continuance on account of the absence of two witnesses. One of these witnesses was Bud Sanders, who appears to have been under indictment for an offense growing out of the same transaction for which appellant was indicted. It is clearly inferable from appellant's bill of exception presenting this matter that this witness was a fugitive from justice at the time appellant's case was called for trial. The court is not called upon to continue a case under such circumstances. Harris v. State, 8 Tex. Crim. App. 90; Vann v. State, 48 Tex. Crim. App. 14; Branch's P. C., Sec. 328. The other witness was Mrs. Tommie Ross whose residence is nowhere shown in the application for a continuance. Nor do we believe the application sufficiently shows the materiality of her testimony. The motion was correctly overruled as to this witness. Johnson v. State, 4 Tex. Crim. App. 272; Thomas v. State, 17 Tex. Crim. App. 439.

It is strenuously argued that the indictment was returned against witness Sanders for the purpose of depriving appellant of his testimony and that the record so shows. We cannot agree that the record is sufficient to show that the agencies of the law have been guilty of a thing so base and unworthy. The law question, however, could not be affected by this, if true, since we find a sufficient showing that such witness was a fugitive from justice, as above stated.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

HAWKINS, J., absent.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for rehearing appellant contends that in sustaining the conviction, this court was in error in that the trial court, in refusing to continue the case, abused its discretion. Appellant was indicted on March 22, 1930.

On March 24th he claimed the additional time under the statute for the preparation for trial, and on March 25th presented his application for a continuance. A postponement followed until March 26th. Upon that date the case was again postponed until April 7th, at which time the appellant presented another application for a continuance, which was overruled. The first application was sought in order to secure the attendance of Bud Sanders, son of the appellant. It appears from the motion that immediately after the date of the offense Bud Sanders left for some place unknown to the appellant; that at the time of the presentation of the application his whereabouts was still unknown. A subpoena was issued for Bud Sanders on March 24th, which was returned not executed on the following day. The application also refers to the absence of Mrs. Tommie Ross, upon whom a subpoena had been served but who was physically unable to attend the trial.

The second application for a continuance filed April 7th is in substance the same as the first application. Controverting the second application, the district attorney, under oath, stated that the witness Bud Sanders was under indictment for the same transaction upon which the appellant was on trial. That is to say, it appeared that the appellant was charged with the unlawful sale of intoxicating liquor and the unlawful possession of intoxicating liquor for the purpose of sale; that the evidence showed that there was ample evidence that the appellant possessed and sold whisky at his house. It is the theory of both the State and the appellant that Bud Sanders was present at the time. The State contends that by reason of his indictment Bud Sanders was a principal in the offense; that being under indictment he was by statute unavailable to the appellant as a witness in his behalf. See Art. 711, C. C. P., 1925; also Vernon's Ann. Tex. C. C. P., Vol. 2, p. 754, and cases collated.

The suggestion in the motion that the indictment of Bud Sanders was not made in good faith but was made for the purpose of discrediting him as a witness seems without tangible support from the record. The trial court would have been perfectly justified in concluding that the purported testimony of Mrs. Tommie Ross would not have brought about a result more favorable to the accused and would, in fact, have availed the appellant nothing, and was cumulative.

The motion is overruled.

*Overruled.*