ADAM BOXIE V. THE STATE.

No. 17424. Delivered April 3, 1935.
Rehearing Denied (Without Written Opinion) May 1, 1935.

The opinion states the case.

*Wyatt J. Baldwin,* of Beaumont, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is assault with intent to murder; the punishment, confinement in the penitentiary for ten years..

Alsie Seymore was a member of the local union of longshoremen for whites in the city of Port Arthur. Appellant, who is a negro, belonged to the local union of longshoremen for negroes. The assault occurred September 8, 1934, while the injured party was carrying on his work with several other members of his union. According to the testimony of Seymore, several negro longshoremen attacked him and his companions, and appellant, without provocation, shot him twice with a pistol. One bullet took effect in the chest and the other in the right side. The wound in the chest was serious.

Appellant did not testify. He introduced his brother in support of his application for a suspended sentence. He testified that appellant had. never been convicted of a felony in this or any other state.

The first count of the indictment alleged the name of the injured party to be Alsie Seymore, which was correct. In the second count the name is spelled "Seymour." In the third count the name was averred to be Alcie Seymore, and in the fourth count the allegation was "Alcie Seymour." Appellant made a motion to quash the indictment on the ground that the assault was charged to have been made on different persons. It is apparent that the indictment was charging the assault to be made upon one person. The names stated therein are idem sonans. In any event, the first count correctly set forth the name of the injured party. The motion was properly overruled.

Appellant brings forward a bill of exception in which he complains of the action of the court in overruling his first application for a continuance. The application is fatally defective in several respects. It fails to show the materiality of the absent testimony, as required by subdvision 3 of article 543, C. C. P. It was necessary that such showing be made. Sanders v. State, 34 S. W. (2d) 612. Moreover, it is not alleged, as required by subdivision 4 of article 543, supra, that the witnesses were not absent by the procurement or consent of appellant. This allegation was essential. Davidson v. State, 69 S. W. (2d) 97. There is no allegation, as required by subdivision 5, article 543, supra, that the application was not made for delay. This was an essential averment. Perkins v. State, 46 S. W. (2d) 672. It

is not stated in said application, as required by subdvision 6, article 543, supra, that there was no reasonable expectation that the attendance of the witnesses could be secured during the present term of court by a postponement to some future day of said term. Such an averment was necessary. Eary v. State, 70 S. W. (2d) 426.

The sentence directs that appellant be confined in the penitentiary for ten years. It is reformed in order that it may be shown that appellant is to be confined in the penitentiary not less than two nor more than ten years.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.