PARISH ELLIOTT v. THE STATE.

*No. 1145. Decided April 14th, 1897.*

**Disturbing the Peace—Profanity Near a Private Residence—Evidence Insufficient.**

A charge of disturbing the peace by going near a private residence and cursing and swearing is not sustained by proof that the inhabitants of the house were disturbed by the profanity of the defendant in their presence in a field five hundred yards distant from the private residence.

APPEAL from the County Court of Burnet. Tried below before Hon. J. A. CREWS, County Judge.

Appeal from a conviction for disturbance of the peace, by going near a private residence, and cursing and swearing in a manner calculated to disturb the inhabitants of said residence; penalty, a fine of $10.

The opinion states the case.

*Ike D. White* and *J. G. Cook*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of going near a certain private residence, and cursing and swearing in a manner calculated to disturb the inhabitants thereof, and his punishment assessed at a fine of $10; hence this appeal. The indictment charges that the cursing occurred near the house of one F. C Nance. The proof shows, without any controversy, that the cursing occurred in the field, where Nance and his wife and daughters were present; that the tone of voice of the defendant

was a little louder than an ordinary conversation, and was heard by the parties present. But there is no pretense that it could have been heard at the house of F. C. Nance, five hundred yards distant. The question is, was this near the private residence of F. C. Nance, in contemplation of the statute? We hold that it was not. In our view, the statute was intended to prevent the use of the language inhibited by the statute, so near a private house as to be heard by the inhabitants thereof. It may not be necessary that the inhabitants of such house be actually disturbed, but the language must be of a character calculated to disturb the inhabitants of such private house. The proof fails to show that the language used was near enough to said private house as that it was calculated to disturb the inhabitant thereof. The fact that the inhabitants of a certain private house were disturbed by the profanity of the defendant at some other place does not constitute the offense as charged. Cursing and swearing, under the statute under discussion, are not made an offense; but they are only so when they are in a public place, or so near a private residence as to be calculated to disturb the inhabitants thereof. Because the proof is not sufficient to sustain the allegations of the indictment, the judgment is reversed and the cause remanded.

*Reversed and Remanded.*