## WALTER PETER V. THE STATE.

No. 23119. Delivered May 9, 1945.
Motion for Rehearing Overruled (Without Written Opinion)
June 20, 1945.

The opinion states the case.

*C. C. Jopling,* of La Grange, for appellant.

*John C. Marburger,* County Attorney, of La Grange, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Disturbing the peace is the offense; the punishment, a fine of $15.00. The prosecution arose in the county court.

The charge as laid in the information was to the effect that appellant went into and near a public road and did then and there curse and swear, yell and shriek in a manner calculated to disturb the inhabitants thereof, under the provisions of Articles 474 and 475, P. C.

The sufficiency of the information was challenged in two particulars, because (a) it was not alleged that the public road was in a town or city, and (b) there was no designation or description of the public road where the offense was alleged to have been committed.

If we understand appellant's first contention, it is that, under Article 475, P. C. defining a public place, a public road becomes such only when in a town or city.

Article 475, P. C. is susceptible of no such construction but, to the contrary, declares "any public road" to be a public place within the meaning of the term "public place" as used in Article 474.

As to the second contention, the conclusion is reached that the same rule should be here applied which controls in case of driving an automobile upon a public highway while intoxicated. In such case, we have consistently held that no designation of the highway is required. See White v. State, 131 Tex. Cr. R. 69, 95 S. W. (2d) 429; Bedwell v. State, 142 Tex. Cr. R. 599, 155 S. W. (2d) 930. It follows that in the instant case, no designation of the particular public road was required in the information.

The incident out of which this prosecution arose occurred on the Schulze Gin Harold Ford Public Road in Fayette County, a public road not only by prescription and usage but also by express designation of the Commissioners' Court of the county.

The prosecuting witness Noack was the duly appointed overseer of this road. Some time prior to January 2, 1945, in working this road a ridge or embankment had been left along the side thereof, which caused water to be empounded thereon. Noack had cut this ridge which allowed the water to flow off the road and across the premises of the appellant adjacent to the road, to which appellant took offense. Such was the situation when on the date above mentioned Noack and appellant, accompanied by Kilian, his employee, happened to meet in the road. Appellant immediately challenged Noack's action as well as authority in cutting the ridge. According to Noack's testimony, he cursed and abused him while yelling and shrieking at the top of his voice.

While it is true that appellant, corroborated by Kilian, denied and contradicted Noack's testimony, nevertheless it was the jury's province to determine the disputed issues of fact, which we are not authorized to reject.

Appellant challenges the sufficiency of the evidence to support the conviction because the undisputed evidence shows that the particular place where the cursing was alleged to have occurred was out in the country, with no inhabitants residing in the vicinity thereof or near enough to hear the cursing, and therefore there were no inhabitants to be disturbed.

While it is true—as contended by appellant—we have held, under Article 474, P. C., that where prosecutions have been predicated upon disturbing the inhabitants of a private residence, the facts must show that the language used was near enough to the house to disturb the inhabitants thereof (Elliott v. State, 37 Tex. Cr. R. 514, 40 S. W. 284), yet such rule has no application here because this prosecution is based upon the use of language calculated to disturb the inhabitants of a public place, per se.

The conclusion is reached that the facts, according to the testimony of Noack, were sufficient to support the conviction.

While it is true the facts might also be sufficient to show the commission by appellant of the offense of using abusive language, as also an assault, yet such facts by no means prevented the State from carving out of the transaction the offense of disturbing the peace, and appellant's contrary contention is overruled.

Several bills of exception appear in the record. These may all be answered by saying that whether Noack was or was not justified in cutting the ridge and allowing the water to drain from the road or whether appellant did or did not have a just complaint is immaterial and could not furnish a defense to the accusation against appellant.

No reversible error appearing, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.