# MAY 30, 1934

ALBERT BUCK V. THE STATE.

No. 16782. Delivered May 30, 1934.

The opinion states the case.

*Bradley & Wilson,* of Lubbock, for appellant.

*Lloyd W. Davidson,* States' Attorney, of Austin, for the State.

HAWKINS, JUDGE.—It is charged by indictment against appellant that while he was intoxicated he operated an automobile on "public highway No. 24" in Crosby County, Texas. Upon conviction his punishment was assessed at confinement in the county jail for forty-five days and by a fine of $150.00.

The only question presented for review is whether the public character of the highway was properly established.

O. A. Applegate testified that he had occasion to be driving on public highway No. 24 at the time of the alleged offense. We quote his further testimony regarding the matter.

"I know what is commonly called in our neighborhood Highway 24. That highway runs from Crosbyton to Spur, and I guess it is open for public use, it looks like it. It was open for traffic at the time I went through there. It was in use by the public for traffic purposes, and that is the highway I was on, on September 3d."

On cross examination he testified:

"I have never been to Austin. As to whether or not I know, of my own knowledge, that the highway I was driving on is Highway 24 as far as the State records are concerned, only the signs on it is all I know. I do not know whether there are any records at Austin saying whether that is highway 24 or not."

Jesse Crofton testified on the point at issue as follows:

"I happened to be driving along the highway about September 3d of last year with a boy named O. A. Applegate. That was down by my house, about a mile and a half below town. That is known as Highway 24, and that highway is open to the public for the use of traffic and was open for such use on September 3d of last year."

The sheriff of Crosby County gave evidence as follows:

"I know where Highway No. 24 is. It runs East and West through Crosbyton. There are no other State roads running in that direction. That highway was open for public use at the time of this wreck. It was open for traffic and used by people for traffic purposes."

It is appellant's contention that the evidence quoted does not establish the public character of the road upon which he is charged to have been driving while intoxicated. It is appellant's position that if the road in question was a county public road the records of the Commissioner's Court of Crosby County would be the best evidence thereof, and if it was a State Highway the records of the State Highway Department showing that it had been so disignated would be the best evidence. The testi-

mony heretofore set out was objected to for the reasons above stated, and for the further reason that secondary evidence could not be resorted to in proving the public character of the highway until it was shown that there were no records of the Commissioner's Court or State Highway Department establishing the public character of the highway. The cases of Alexander, et al v. Singleton, et al, 50 S. W. (2d) 893, and State Highway Commission, et al v. Humphries,, et al, 58 S. W. (2d) 144, are cited as authority for the proposition that under the present statute the State Highway Department has authority to locate, designate and name State highways. Both cases involved property rights or claims for damages under which circumstances the principle contended for by appellant was recognized by this court in Wood v. State, 45 S. W. (2d) 599. In that case article 6701, sec. G, R. C. S., was quoted as follows:

" 'Public Highway' shall include any road, street, way, thoroughfare or bridge in this State not privately owned or controlled, for the use of vehicles, over which the State has legislative jurisdiction under its police power."

In view of said article we remain of the opinion that we reached a correct conclusion in the Woods case. Under the holding in said case and in the later cases of Nichols v. State, 49 S. W. (2d) 783, and Baisden v. State, 68 S. W. (2d) 1044, we think appellant's contention can not be sustained. It appears plain from the evidence that the road in question was open and being used by the public for traffic, and it was for the protection of the public against "drunk driving" that the law was passed which appellant was charged with having transgressed.

The judgment is affirmed.

*Affirmed.*