## MILTON CARSON V. THE STATE.

No. 18273.   Delivered May 6, 1936.
Rehearing Denied June 3, 1936.

The opinion states the case.

*Shropshire & Sanders*, of Brady, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is driving an automobile upon the public highway while intoxicated; penalty assessed at a fine of fifty dollars and the denial of the right to operate any motor vehicle upon the highways of Texas for one year.

The State's witness, Joe Myrick, Chief of Police of the city of Brady, gave testimony, which is not controverted, showing that the appellant, while intoxicated, drove an automobile upon one of the public streets or highways of the city of Brady.

The indictment contains two counts; the first charging that the automobile was driven upon what is known as "North First Street" in the town of Brady, and the second count charging the street upon which the driving took place to be what is known as "North Bridge Street" in the town of Brady, McCulloch County, Texas.

The court submitted in his charge only the question as to whether appellant was guilty of driving an automobile while intoxicated upon "North Bridge Street." The jury's answer to that question was in the affirmative. The proof is quite adequate to support it.

In Bill of Exception No. 2 it is recited that the State's counsel, in his argument to the jury, referred to the fact that appellant's counsel took the position that the State had not shown that the appellant did not have "the normal use of his faculties" and further stated to the jury in his closing argument:

"We showed by Joe Myrick, the only witness who took the stand, that the defendant did not have the normal use of his faculties, and that his tongue was thick, and he staggered, and had whisky on his breath and was drunk."

The complaint made in the bill is that the language quoted was under the circumstances an allusion to the fact that appellant had not taken the stand as a witness in his own behalf. As the evidence is understood by the writer, the exception is not tenable.

Bill No. 3 presents the same question as hereinbefore treated and held untenable for the reason that the second count alone was submitted to the jury. Their finding is upon that question namely, that the offense was committed upon "North Bridge Street."

Bill No. 4 is to the effect that since the court's charge submitted to the jury the question of whether appellant had operated an automobile upon "the public road or highway," that he was not charged with operating an automobile while intoxicated upon any highway. We think the criticism is not sound, especially in view of the fact that the court submitted only the second count of the indictment which related to the commission of the offense on "North Bridge Street."

Bill No. 5 is a criticism addressed to the charge of the court in the alleged failure to elect between the counts in the indictment. We think the criticism is not sound for the reason that the court in its charge elected to submit only the count charging that appellant drove his automobile upon "North Bridge Street."

Bill No. 6 relates to the same subject-matter as Bill No. 5. It was a request that the court instruct the jury that they could consider only one count of the indictment. That is to say, they could not consider any street or highway other than North Bridge Street. Since the court eliminated the other count in his charge and submitted only the second count of the indictment, the criticism is not regarded as sound.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant moves for rehearing. He earnestly contends that the second count in the indictment, which alone was submitted to the jury, is duplicitous and repugnant. We are not able to agree with him.

As substantially said in our original opinion, appellant was

charged with operating his car upon a public highway in Mc-Culloch County, to-wit: on what is known as North Bridge Street in the town of Brady, McCulloch County, Texas. We fail to see any repugnance or duplicity. Both averments as to the place of operation of appellant's car relate to the same public highway. As said by a witness: "North Bridge Street is a part of the public highway between Brady and Brownwood, also between Brady and San Saba." Appellant was not thereby charged in one count with separate and distinct offenses, as was the case in Todd v. State, 229 S. W. Rep., 516, and Melley v. State, 248 S. W. Rep., 368, cited by appellant.

It was in evidence without dispute that North Bridge Street in Brady was much used by the public as a highway and public road. Being a road used by the public generally for passage and traffic would bring it within the comprehension of the statute, and it was in proof that such road and highway was commonly known as North Bridge Street. See Buck v. State, 72 S. W. (2d) 282. Under such facts we see no need for an allegation that Brady was incorporated. By reference to the authorities cited by appellant, to-wit: Akin v. State, 23 S. W. (2d) 379, and Pool v. State, 278 S. W. Rep., 212, we observe that in said cases the State had alleged that the highway in question was a street in an incorporated town or city, and that the proof upon the trial had failed to sustain such allegation, hence reversal in each case.

Not being able to agree with appellant, the motion for rehearing is overruled.

*Overruled.*