## JIM MAEDGEN v. THE STATE.

No. 18609.   Delivered February 10, 1937.
Rehearing Denied May 5, 1937.

The opinion states the case.

*Cox & Brown,* of Temple, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder without malice; punishment, two years in the penitentiary.

The unfortunate occurrence forming the background for this conviction was the killing of three women in an automobile accident on a public highway a short distance north of Temple, Texas, on the afternoon before Thanksgiving. The women referred to were teachers on their way to a teachers' association meeting to be held in San Antonio. Appellant was driving north on said highway, and there is no dispute but that there was a collision between the car driven by him and that occupied by the three teachers, as the result of which collision the said women were killed.

We see no good to come from attempting to set out at length the facts appearing in this record, which are in a condition of hopeless and irreconcilable conflict on the question of whether or not appellant was intoxicated at the time of the collision. A number of witnesses testified that he was, and to facts showing that he was in possession of a bottle of whisky

at the time and threw it away, and to his acts and conduct at the time which, if believed by the jury, would be amply sufficient to justify them in concluding him to be intoxicated. On the other hand, a number of witnesses testified that they saw and talked and were in company with appellant at and before and after the time of the collision, and in their opinion he was not intoxicated. The duty is placed by statute upon the jury to pass on the weight of the testimony and the credibility of the witnesses, and this court does not feel itself called upon to interfere with and overturn the judgment of the jury in any case of conflict of facts, unless we be convinced there are not sufficient facts in the record which, if believed, would sustain the conviction. We can not agree to such a conclusion in this case.

There is some complaint of the overruling of appellant's motion to quash the count of the indictment under which the conviction was had. Appellant is of the impression, and so indicates in his motion, that the present law forbidding the driving of an automobile upon a highway requires that it be alleged and proved that the driver of said car was intoxicated. The indictment in the instant case charged that the appellant was under the influence of intoxicating liquor at the time of the alleged driving and collision. The exact point was involved in the case of O'Conner v. State, 88 S. W. (2d) 1048, and was decided adversely to appellant's contention.

If we understand this record appellant's bills of exceptions 1 to 5 inclusive related to and are based upon the proposition that his motion to quash the indictment, and the count in same upon which conviction was had, should have been sustained. We have just disposed of this proposition in our reference to his motion to quash said indictment.

Appellant's bill of exceptions No. 6 complains of the refusal of the court to respond to the exceptions taken by him to the charge of the court. Said exceptions have been examined by us, and we are not able to agree with appellant that any of them are sound. The charge of the court in the matters complained of seems to us to have been correct.

Appellant's bill of exceptions No. 7 complains of the refusal of the court to instruct the jury not to consider the testimony given by A. J. Rose. The bill reflects the following proceedings: Witness Rose testified that on the night of the alleged accident in which said ladies were killed on a highway just north of Temple, witness heard appellant say that "He supposed he was the cause of a bad accident where some

people were killed—they told him so." It is further shown that after this testimony was given appellant's attorney moved to exclude same because it was two hours after the accident, and embodied in it hearsay. The State contended that the statement was an admission against interest made by appellant, and the court overruled appellant's motion, to which he asked that an exception be noted. Appellant then further examined the witness, who was then excused. Thereafter appellant had the witness recalled, and asked him if appellant was not under arrest at the time he made the statement above referred to, and witness answered in the affirmative. It is shown in the bill that appellant then moved that all of the testimony of Mr. Rose on the point mentioned be excluded from the jury because of the fact that appellant was under arrest and not warned. We do not regard the above complaint as having merit. Before Rose was put on the stand by the State in rebuttal appellant had put on Hoherd, chief of the Temple fire department, who testified to seeing appellant on the same occasion,—afterward testified to by Rose,—and Hoherd said in his opinion appellant was not under the influence of intoxicating liquor at said time, his opinion being formed from hearing appellant talk, seeing him walk, etc. Hoherd said that some of the State patrol men and other officers were with appellant at the time. Again he said: "A couple of State patrol men had him in charge." Regarding what occurred when appellant and the officers arrived, he said: "They took him in the station." Again he said: "He wasn't drunk when they had him down there." Again: "All I know is when they brought him to town," and again: "I don't know how long it was after they brought him into that place until the sheriff came after him * * * twenty or thirty minutes after they brought him in." Not long after the above testimony was given, the State called Mr. Rose to give his judgment as to whether appellant was drunk when brought to the fire hall in Temple. As above stated, this was the same time and place referred to by defense witness Hoherd. It is not necessary for us to say more than that appellant's learned counsel could have hardly helped being fully aware that appellant was under arrest during the entire time embraced in all the testimony of Rose, and before the direct question concerning arrest was asked.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The charge against appellant was that he drove an automobile on a public highway while "under the influence of intoxicating liquor," and by mistake and accident killed three named parties, etc.

The accident occurred on November 27th, 1935. At that time Art. 802, P. C., denounced "drunken driving" as a felony providing that one was guilty who drove an automobile on a public highway while the driver was *"intoxicated* or in any degree *under the influence of intoxicating liquor."* The 44th Legislature, 1st C. S., Ch. 424, p. 1654, amended Art. 802, P. C., omitting the words "in any degree under the influence of intoxicating liquor," and made one guilty of a felony who drove his car while he was "intoxicated." This Act had been passed and approved by the Governor before the accident occurred, but the amended Act did not become effective until January 13, 1936. The indictment was returned on January 23rd, 1936. It is appellant's contention that when the indictment was returned it was by the terms of amended Art. 802 not an offense to operate a car on the highway while the driver was "under the influence of intoxicating liquor" because the latter phrase had been omitted from the amended article, and therefore that the count in the indictment under which conviction occurred charged no offense of drunken driving, by averring that appellant was "under the influence of intoxicating liquor," but that such offense could only be charged by following the language of the amended law and averring that he was "intoxicated."

Art. 397, C. C. P., provides that "Everything should be stated in an indictment which is necessary to prove." It is generally accepted to be the better practice to follow the language of the statute in charging an offense, but this is not always sufficient, nor indispensable. If words not in the statute are substituted for those which are, the indictment is sufficient if the words so substituted are equivalent to those used in the statute, 23 Tex. Jur., Sec. 34, p. 635; Branch's Ann. Tex. P. C., Sec. 495, p. 256; Sullivan v. State, 13 Texas Crim. App., 462; King v. State, 169 S. W., 675. In Lockhart v. State, 108 Texas Crim. Rep., 597, 1 S. W. (2d) 894, a prosecution for "drunken driving," the court charged the jury that by the terms "intoxicated" or "under the influence of intoxicating liquor to any degree" was meant that a person had taken into his stomach a sufficient quantity of intoxicating liquor as to

deprive him of the normal control of his bodily or mental faculties. While holding it unnecessary to have defined the terms, we also held the instructions given to have been correct, thereby in effect holding the terms "intoxicated" and "under the influence of intoxicating liquor" to mean the same thing. In Williams v. State, 100 Texas Crim. Rep., 50, 271 S. W., 628, practically the same holding was announced, it being said:

"If the indictment had simply alleged that the appellant was under the influence of intoxicating liquor, it certainly might have proved *under that averment* that he was drunk. Under an allegation that he was intoxicated the same proof would have been admissible."

See also Herring v. State, 117 Texas Crim. Rep., 211, 35 S. W. (2d) 737; O'Conner v. State, 88 S. W. (2d) 1048. In view of the expressions from this court that the two terms mentioned meant the same thing; that is, that in either case a party had been deprived of the normal control of his bodily or mental faculties from the use of intoxicating liquor, it might well be supposed that the Legislature in the amendment of said Art. 802, P. C., could see no good reason for using both expressions again.

We are not able to comprehend how it could be averred that a person was "intoxicated" without having embraced therein also a charge that he was "under the influence of intoxicating liquor," nor how an averment that he "was under the influence of intoxicating liquor" was not equivalent to charging that he was "intoxicated." It follows that we remain of opinion that the court was not in error in declining to quash the count in the indictment under which conviction was had.

In his motion for rehearing appellant cites us to Morton v. State, 43 Texas Crim. Rep., 533, 67 S. W., 115, as contrary to our disposition of the question presented in bill of exception number seven. It will be noted that in the case mentioned there had been no reference by appellant to the incident proven by the State. In the present case appellant had placed upon the witness stand Mr. Hoherd and proved by him that from hearing appellant talk and from observing him at the city hall witness thought he was not intoxicated. Hoherd testified at the instance of appellant that when the latter walked into the city hall he spoke, saying "Good evening, gentlemen," to those present. One of them was the witness Rose, who was later called by the State. He also heard appellant

talk and observed him, on the same occasion about which Hoherd testified. Rose reached the conclusion that appellant was intoxicated. During the same conversation Rose heard appellant say "He supposed he was the cause of a bad accident where some people were killed—they told him so." Rose could quite naturally base his opinion that appellant was intoxicated in part at least on a natural inference that appellant seemed hazy in his own mind as to what had happened. The conversation and incidents to which Rose referred were a part of the same conversation and incident which had been gone into by appellant through the witness Hoherd. The complaint urged by appellant seems answered by Art. 728, C. C. P., which provides:

"When part of an act, declaration or conversation or writing is given in evidence by one party, the whole on the same subject may be inquired into by the other, as, when a letter is read, all letters on the same subject between the same parties may be given. When a detailed act, declaration, conversation or writing is given in evidence, any other act, declaration or writing which is necessary to make it fully understood or to explain the same may also be given in evidence."

The facts thus appear to distinguish this case from Morton v. State (supra).

Believing proper disposition was made on original submission, the appellant's motion for rehearing is overruled.

*Overruled.*