A. H. COMPTON V. THE STATE.

No. 19116.   Delivered June 16, 1937.
Rehearing Denied November 10, 1937.

The opinion states the case.

*E. B. Simmons,* of San Antonio, for appellant.

Lloyd W. Davidson, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of driving an automobile upon a public road while under the influence of intoxicating liquor, and his punishment was assessed at a fine of $200.00.

The State's testimony shows that appellant while intoxicated drove an automobile along and upon the road leading from the town of San Diego to the town of Freer in Duval County. Appellant's testimony was to the effect that he was not intoxicated at the time, although he had taken a few drinks.

His first contention is that the court erred in declining to sustain his motion to quash the indictment on the ground that it was not charged therein that he was drunk or intoxicated; that it merely charged that he was under the influence of intoxicating liquor. In the case of Nelson v. State, 261 S. W., 1046, this court speaking through Judge Lattimore said:

"It (meaning the law) plainly prohibits the driving or operation of any motor vehicle within the limits of any incorporated city or town or public highway in this state by any person who is under the influence of intoxicating liquor."

It is true that since the opinion was rendered in said case the statute has been amended, but the present statute also prohibits driving of any motor vehicle upon any state highway or public road by any person while intoxicated. This court has held that being intoxicated and being under the influence of intoxicating liquor means the same thing.

By bills of exception numbers three and four appellant complains of the testimony given by the witnesses Valerio and Campos to the effect that the road leading from the town of San Diego to the town of Freer is used generally by the public in going from one of said towns to the other; that it has been so used by the public for about forty years. Appellant's objection thereto was that it was an attempt by oral testimony to show a designation of said road as a public road by the commissioners' court. The county judge testified without objection that said road is used by the public and the commissioners' court appropriates money to keep it up. It is a well settled rule that when testimony is admitted without objection which is similar to that objected to, no reversible error is shown. See Rogers v. State, 80 S. W. (2d) 967; Sparkman v. State, 82 S. W. (2d) 972. However, we do not wish to be understood as holding that oral testimony is incompetent to show a road to be a public road which may not have been designated as such by the commission-

ers' court. A road which has been used by the public generally for a period of more than ten years and recognized as such is a public road by prescription and resort may be had to oral testimony to show its public character. See Wood v. State, 45 S. W. (2d) 599; Buck v. State, 72 S. W. (2d) 282.

We have carefully examined all other matters complained of, but fail to find any reversible error.

The judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—After re-examining the record we express our views in the language of Judge O. S. Lattimore as embraced in the opinion he prepared herein shortly prior to his death, but which was not taken into consultation. We quote his language as follows:

"Appellant moves for rehearing on the ground that there is a substantial difference in law and in fact between being under the influence of intoxicating liquor to some degree, and being intoxicated. In Maedgen v. State, 104 S. W. (2d) 518, this court held that the terms 'Under the influence of intoxicating liquor' and 'intoxicated' were practically synonymous. This being true, we see no need for discussing appellant's contention. The point urged seems to have been decided against him."

The motion for rehearing is overruled.

*Overruled.*