HENRY REAGIN FOSTER V. STATE

No. 27,677. October 19, 1955

*James E. Faulkner*, Coldspring, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is driving while intoxicated; the punishment, 3 days in jail and a fine of $100.00.

Officer Hicks of the Texas Highway Patrol testified that he was parked on the side of the highway checking speeders by means of radar when a motorist stopped and pointed out an automobile that was then approaching him, that he looked in the direction indicated and observed that the automobile was being driven in a manner that was "noticeable" and that "traffic was banked up behind him." Hicks stated that he signaled the automobile to pull over but that, instead, the appellant, whom he knew and who was the driver of the automobile in question, came to a stop on the highway; that after he got the appellant off the highway he smelled liquor on his breath and noticed that he did not speak as he normally did. Hicks testified that he retrieved a partially empty bottle of whisky from appellant's automobile and expressed the opinion that appellant and his companion were both intoxicated. Hicks delivered the appellant and his companion to Constable Pilkinton, who carried them to jail. Pilkinton, an old friend of appellant's, testified that he smelled intoxicants on the breath of both the appellant and his companion and expressed the opinion that they had both been drinking.

The appellant did not testify in his own behalf but called his counsel, who stated that he had visited socially with the appellant over a period of years and had on occasions drunk intoxicants with him. Counsel stated that he had seen the appellant drink more than was missing from the bottle of whisky introduced in evidence in one drink but had never seen him lose control of his mental and physical faculties. Counsel did not see the appellant on the day in question.

We find the evidence sufficient to support the conviction and will discuss some of the contentions raised in appellant's lengthy brief.

The information charged that the appellant "while intoxicated and while under the influence of intoxicating liquor drove and operated a motor vehicle upon a public highway."

At the close of the state's case, the appellant moved the court to require the state to elect whether they would rely upon the allegation in the information that the appellant was "intoxicated" or the allegation that he was "under the influence of intoxicating liquor."

This court has long held that the above terms are synonymous, and therefore no election was required. Maedgen v. State, 132 Texas Cr. Rep. 397, 104 S.W. 2d 518, and Compton v. State, 133 Texas Cr. Rep. 211, 109 S.W. 2d 761.

Appellant requested three charges, all of very near the same tenor. We shall quote the first:

"You are instructed that even though you believe and from the evidence, that the defendant was 'under the influence of intoxicating liquor' that he still would not be guilty of the charge complained of in the information before you, if he was operating the same in the manner that it would be operated by one not under the influence of intoxicating liquor."

Such a requested charge in a driving while intoxicated case has been considered by this court, and we have held that it was proper to refuse the same because it did not state the law. See Burleson v. State, 152 Texas Cr. Rep. 580, 216 S.W. 2d 190, and Post v. State, 154 Texas Cr. Rep. 70, 225 S.W. 2d 420.

Finding no reversible error, the judgment of the trial court is affirmed.