Charles F. SUMNER, Appellant,

v.

The STATE of Texas, Appellee.

No. 28662.

Court of Criminal Appeals of Texas.

Dec. 5, 1956.

On Motion to Reinstate Appeal
Feb. 13, 1957.

**578**

George T. Thomas, Big Spring, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is driving while intoxicated; the punishment, ten days in jail and a fine of $300.

■ As required by Article 827, Vernon's Ann.C.C.P., the record does not reflect that a notice of appeal was given and entered of record. In the absence thereof, this Court has no jurisdiction to entertain the appeal.

The appeal is dismissed.

On Appellant's Motion to Reinstate Appeal

DICE, Commissioner.

It is now shown that notice of appeal was given and entered of record. Therefore, the appeal is reinstated and will be considered.

The evidence is undisputed that the appellant, while driving a pick-up truck on a public highway in Glasscock County, was stopped and arrested by State Highway Patrolman James England.

Patrolman England testified that he arrested the appellant for speeding after chasing him at a speed of 70 miles per hour; that after he had stopped the appellant he could smell alcohol on his breath; that he staggered when he walked and his speech was slurred and expressed his opinion that appellant was intoxicated.

Sheriff Cox testified that when he observed appellant after his arrest he could smell intoxicating liquor on his breath; that he staggered when he walked and was thick-tongued and expressed his opinion that he was intoxicated.

As a witness in his own behalf, appellant admitted having drunk three beers before his arrest but testified that he was not drunk.

Witnesses called by the appellant testified that his general reputation for sobriety, truth and veracity and for being a peaceable and law-abiding citizen was good.

■ The jury chose to accept the testimony of the state's witnesses and reject that of the appellant and we find the evidence sufficient to support their verdict.

The record contains no formal bills of exception and no brief has been filed on behalf of the appellant.

We have considered the court's charge in the light of appellant's objections and exceptions and find no error therein.

The fact that the court defined the term "intoxicated" and failed to define the term "under the influence of intoxicating liquor" was not error. The terms are synonymous. Maedgen v. State, 132 Tex. Cr.R. 397, 104 S.W.2d 518 and Yarbrough v. State, 161 Tex.Cr.R. 314, 276 S.W.2d 303. Furthermore, it has been held that the terms need not be defined. Pierce v. State, 159 Tex.Cr.R. 504, 265 S.W.2d 601. The terms being synonymous, their use in the charge in the conjunctive was not error. The court's failure to limit the jury in their consideration of the matter of appellant's having been previously arrested for being drunk was not error as there was no evidence in the record requiring such an instruction.

The informal bills of exception reserved in the statement of facts to the court's rulings on the admission and rejection of evidence have been considered and no reversible error is shown.

The judgment is affirmed.

Opinion approved by the Court.