The AETNA CASUALTY & SURETY COMPANY, Appellant,

v.

Crawford L. SILAS, Appellee.

No. 09 81 063 CV.

Court of Appeals of Texas, Beaumont.

March 11, 1982.

Rehearing Denied April 1, 1982.

David Bernsen, Beaumont, for appellant.

Richard Clarkson, Gilbert T. Adams, Beaumont, for appellee.

KEITH, Justice.

In this workers' compensation case, the insurer appeals from an adverse judgment, based upon a jury verdict, which awarded the injured workman compensation for total and permanent disability payable in a lump sum as well as certain medical expenses he had incurred.

Appellant presents but a single question for our determination: Is a worker precluded from recovery of workers' compensation benefits for injuries received while he was in a state of intoxication from the use of marihuana?

*Tex.Rev.Civ.Stat.Ann. Art. 8309, Sec. 1 (1967)*, reads:

"The term 'injury sustained in the course of employment,' as used in this Act, shall not include:

"(1) * * *

"(2) * * *

"(3) An injury received while in a state of intoxication."

The research of diligent counsel has not produced a single authority on the extremely narrow question presented.

We will assume, for the purpose of this opinion, that there was sufficient evidence introduced by the appellant to require the trial court to submit the issue, if such was a legal defense, to the jury for a determination.[1]

Appellant's able counsel relies heavily upon *Dill v. Texas Indemnity Ins. Co.*, 63 S.W.2d 1016 (Tex.Com.App.1933, jdgmt adopted), wherein the Court held that the statutory provision relating to intoxication must be applied as written. Appellant argues that the language relating to liberal construction of the compensation law, as used in *Mingus v. Wadley*, 115 Tex. 551, 285 S.W. 1084, 1087 (1926), is applicable here, pointing to the fact that such rationale was used in *Dill*, supra, to deny a recovery where the intoxication was because of the use of alcoholic beverages. In presenting this argument, counsel points to the obvious fact that the statute does not mention alcohol *or* marihuana and contends that the police officer's expert testimony established that a person could become intoxicated by smoking half of a marihuana cigarette.

Appellee's counsel responds by reference to dictionary definitions of intoxicated which refer to a condition brought on by the use of alcohol.[2] Counsel also argues that the liberality of construction theory should be used to confine the intoxication defense to conditions arising solely from the use of alcohol, rather than expanding it after it has been on the books without change for sixty-five years.[3] Counsel also points to criticism of the provision by certain text writers.

1. We do not weigh the sufficiency of the evidence in this appeal because the trial court not only struck the evidence of intoxication but refused to submit an issue. The rule is that the trial court may not refuse to submit an issue because of the factual insufficiency of the evidence to support an answer thereto. See generally, *Wenzel v. Rollins Motor Co.*, 598 S.W.2d 895, 902 (Tex.Civ.App.—El Paso 1980, writ ref'd n. r. e.); *Eddleman v. Scalco*, 484 S.W.2d 122, 124 (Tex.Civ.App.—Beaumont 1972, writ ref'd n. r. e.); *Norvell Service Co. v. Spell*, 288 S.W.2d 133, 144–145 (Tex.Civ.App.—Beaumont 1955 writ ref'd n. r. e.), and cases therein cited. See also, *Harville v. Siebenlist*, 582 S.W.2d 621,

623–624 (Tex.Civ.App.—Amarillo 1979), rev'd on other grounds, 596 S.W.2d 113 (Tex.1980).

2. The courts frequently use dictionary definitions of words in striving to ascertain the meaning of a statute. But, in doing so, it should always be remembered, in the language used in *Simon v. State*, 522 S.W.2d 929 (Tex. Cr.App.1975): "The Legislature has not delegated the determination of the meaning of its enactments to the publishers of dictionaries."

3. The intoxication provision was placed in the statute in the comprehensive revision of the Act accomplished in 1917. See *Tex.Laws 1917*, *ch. 103, § 1, at 269, 292.*

In a very recent case, Presiding Judge Onion disposed of a similar question in *Campos v. State*, 623 S.W.2d 657, 658–659 (Tex.Cr.App.1981), where the accused was charged with the unlawful sale of an alcoholic beverage to an intoxicated person. It was argued that the statute was "defective" for failure to provide a standard or definition of intoxication.

 The *Campos* opinion [4] applied the cardinal rule of statutory construction requiring the courts to give ordinary words their plain meaning in common usage. The Court then noted that there was no statutory definition of "intoxicated" or "intoxication" and referred to an out-of-state case and a law dictionary, both of which had confined the word to a condition brought on by the use of alcoholic liquors. Indeed, the *Campos* Court used this broad language:

> "It has been held that the term 'intoxicated' is synonymous with the term 'under the influence of intoxicating liquor.' *Williams v. State*, 165 Tex.Cr.R. 202, 305 S.W.2d 369 [370] (1957)."

Several other Texas criminal cases are cited in *Williams v. State*, cited in the foregoing quotation, supporting the holding in *Campos*.

We follow *Campos* and now hold that the phrase "in a state of intoxication" as used in *Art. 8309, Sec. 1(3)*, supra, is to be given its commonly understood meaning as a condition resulting from the use of alcoholic liquor. We are supported in our view that if a criminal statute, worded as the civil statute under consideration, is sufficient to give fair warning of what is prohibited [5] and is sufficiently specific that "[a] person of common intelligence can determine with reasonable precision what conduct it is his duty to avoid under the statute",[6] the civil statute must be applied in a similar manner.

Appellant cites to us most, if not all, of the cases which have applied the intoxica-

tion rule in workers' compensation cases, but we do not find any of the cases to be persuasive. We are urged, under the theory of a liberalized interpretation of the statute, to broaden the meaning of "state of intoxication" to include a condition brought on by the use of marihuana as well as by the use of alcohol. We decline the invitation extended.

We have given the word "intoxicated" the plain meaning which is ordinarily given to it. If the word is to be extended to include the effects brought on by the use of marihuana or other substances, the Legislature and not this Court may take appropriate action to accomplish such result. The points of error are overruled; the judgment is AFFIRMED.

---

**4.** We recognize that the Code Construction Act, *Art. 5429b–2, Tex.Rev.Civ.Stat.Ann. (Supp.1982)*, is inapplicable to the workers' compensation law but such does not affect the persuasiveness of the *Campos* holding.

**5.** *V.T.C.A., Penal Code, § 1.02(2) (1974)*.

**6.** *Campos v. State*, supra (623 S.W.2d at 659).