The AETNA CASUALTY & SURETY COMPANY, Petitioner,

v.

Crawford L. SILAS, Respondent.

No. C–1239.

Supreme Court of Texas.

June 23, 1982.

Rehearing Denied July 21, 1982.

Benckenstein, Norvell, Bernsen & Nathan, David Eric Bernsen, and G. R. Akin, Beaumont, for petitioner.

Gilbert T. Adams and Richard J. Clarkson, Beaumont, for respondent.

PER CURIAM.

This is an appeal by an insurer from an adverse judgment in a workers' compensation case. The court of appeals affirmed the judgment of the trial court holding that the phrase, "in a state of intoxication" contained in Tex.Rev.Civ.Stat.Ann. art. 8309 § 1(3) means a condition resulting from the use of alcoholic liquor, and only alcoholic liquor. 631 S.W.2d 551, 553.

Aetna Casualty had asserted the defense of "intoxication" to prevent Silas' recovery for a back injury received on the job. To prove intoxication, Aetna offered testimony from a witness who saw Silas smoking a hand-rolled cigarette in a funny manner, taking several puffs at once, between 9:00 a. m. and 9:30 a. m., on the day of the injury. The same witness saw him later put something into a lunch box. A half-smoked cigarette was found in this lunch box and identified by the Jefferson County Regional Crime Lab as marijuana. The same witness testified that when Silas approached him about 11:00 a. m. that same morning and told him he had just hurt his back, that Silas looked funny and had a bad complexion. A Beaumont police officer testified that depending upon the person and the quality of marijuana, a person could get high or intoxicated after smoking just half of a marijuana cigarette.

The trial court later struck the testimony of the witnesses regarding the use of marijuana and advised the jury to disregard such testimony because as a matter of law the testimony was not sufficient to present a jury issue relative to the question of intoxication by use of marijuana. The trial court also refused to submit an issue on intoxication.

The court of appeals assumed for the purpose of its opinion ". . . that there was sufficient evidence introduced . . . to require the trial court to submit the issue, if such was a legal defense, to the jury for a determination." 631 S.W.2d at 552. We agree with Silas' contention before the court of appeals and before this Court that there is no evidence of intoxication at the time of the injury. Therefore, the trial court was correct in not submitting the issue on intoxication. *City of Houston v. Scanlan*, 120 Tex. 264, 37 S.W.2d 718 (1931).

The writ of error is refused, no reversible error because the court of appeals correctly affirmed the trial court judgment. However, our refusal to grant this application for writ of error is not to be taken as approving the holding of the court of appeals that "in a state of intoxication" is a condition resulting only from the use of alcoholic liquor. We reserve that question for future determination.