**TEXAS GENERAL INDEMNITY COMPANY, Appellant,**

v.

**Henry L. JACKSON, Appellee.**

**No. 12–83–0059–CV.**

Court of Appeals of Texas, Tyler.

Dec. 31, 1984.

Rehearing Denied Jan. 31, 1985.

Michael Dunn, Smead, Anderson, Wilcox & Dunn, Longview, for appellant.

Glenn Perry, Longview, for appellee.

McKAY, Justice.

This is a worker's compensation case in which judgment was rendered for appellee based upon a jury verdict of total and permanent incapacity.

Appellee was a heavy equipment mechanic for Plains Machinery in Longview, Texas. On October 20, 1980, while helping to remove a 10,000 pound cylinder from its crate, the cylinder shifted, forcing the side of its packing crate to fall. Along with several employees, appellee attempted to avoid the falling crate. However, he stumbled and fell backwards onto a pile of steel I-beams, injuring his back.

In answer to special issues, the jury found that appellee sustained an injury while in the course of his employment, which injury was a producing cause of total and permanent incapacity. The trial court rendered judgment for appellant for a lump sum payment with allocation of attorney's fees.

Appellant's first three points complain that the trial court erred in failing to grant appellant's request for jury instructions on intoxication, and for refusing to admit certain testimony pertaining thereto.

Appellant sought to have admitted before the jury testimony by appellee's co-workers that they had seen him take pills on prior occasions and his conduct would subsequently become "hoppity or peppy like" and he would tell jokes. The trial court excluded this testimony.

The witness Millet (a fellow employee) testified that at the time of his injury appellee "was not totally alert to everything that was going on; ... he just didn't act fully aware that he was there ... he would stand back and wait until ninety per cent of the job was done and then he may help on the last ten per cent of it or so ... he really wasn't all there ... he was kind of off in a daze, kind of on a cloud ... just wasn't coherent to what was going on all the time." The witness further said that the same condition existed at or immediately before the accident, and that after the accident appellee never said anything about hurting or otherwise "but just laying there like he was taking a nap basically."

Another witness named McAlister, who formerly worked with appellee, testified appellee acted "just like he was more or less in a daze ... walking around, wasn't paying no attention to what he was doing," and he did not appear to be mentally alert and know what was going on.

Also testifying about appellee's appearance just before the accident was the witness Terry Bowen; he said he saw "just a person that was lost ... not sure of hisself as to what to do or his coordination ... clumsy, I guess would be the best way to explain it ... just unsure of hisself.... From the time we got there til the accident happened, it was as if he wasn't there, and like stumbling around and just in a lost place."

There was no testimony that appellee was seen taking any intoxicating substance on the day of his injury.

In *The Aetna Casualty & Surety Co. v. Silas*, 631 S.W.2d 551, 553 (Tex.App.— Beaumont 1982, writ ref'd n.r.e. with opinion), Article 8309, sec. 1 Tex.Rev.Civ.Stat. Ann., reading, "The term 'injury sustained in the course of employment' as used in this Act, shall not include (1) ...; (2) ...; (3) An injury received while in a state of intoxication," was held to mean that an injury received while in a state of intoxication "is to be given its commonly understood meaning as a condition resulting from the use of alcoholic liquor."

Even though the Supreme Court refused a writ, n.r.e. in the *Silas* case, in a *per curiam* opinion at 635 S.W.2d 425 the court said "... our refusal to grant this application for writ of error is not to be taken as approving the holding of the court of appeals that 'in a state of intoxication' is a condition resulting only from the use of alcoholic liquor. We reserve that question for future determination."

It appears that a logical conclusion would be that intoxication could result from the "voluntary introduction of *any* substance into his body." [1]

The testimony of appellee's fellow employees indicates that appellee was not mentally alert nor coherent nor fully aware of what was happening, and was in a daze and unsure of himself, "stumbling around and just in a lost place."

Appellant requested the trial court to give two jury instructions, both of which were refused. They were:

"State of intoxication," as used in this charge means an abnormal state brought about by alcohol or a drug to the point where physical and mental control is markedly diminished.

An injury received while the employee is in a state of intoxication is not in the course of employment.

In the case of *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965), it is said at p. 824:

Under the provisions of Rule 301, Texas Rules of Civil Procedure, the trial court is authorized, upon motion and notice, to "disregard any Special Issue Jury Finding that has no support in the evidence." The court may not, however, properly refuse to submit an issue or disregard the jury's answer thereto merely because the evidence is factually insufficient to support the same.

Appellant cites and relies upon *Garza v. Alviar*, 395 S.W.2d 821 (Tex.1965). That case said, at p. 824, that under Rule 301, TEX.R.CIV.P., the trial court may "disre-gard any Special Issue Jury Finding that has no support in the evidence," but the trial court "may not ... refuse to submit an issue or disregard the jury's answer thereto merely because the evidence is factually insufficient to support the same." The opinion further states that a contention that an issue should not have been submitted because of the insufficiency of the evidence means that there is no evidence to warrant submission of the issue.

Applying the above rules to the instant case, the trial court was correct in refusing to submit the requested instructions as to intoxication because there was no evidence in the record to support them. The testimony of the witnesses Millet, McAlister and Bowen that appellee was not mentally alert, that he was in a daze, a person that was lost, and similar descriptions, was not evidence that he was intoxicated by a drug. We conclude there was no evidence that appellee was intoxicated from voluntary use of alcohol or drugs, and, therefore, the trial court did not err in refusing the instructions proffered.

Appellee cites *Lumberman's Underwriting Alliance v. Bell*, 594 S.W.2d 569 (Tex. Civ.App.—Tyler 1980, writ ref'd n.r.e.), an opinion from this court. We agree with the language in that case, "To establish a fact by circumstantial evidence the circumstances relied upon must have probative force sufficient to constitute a basis of legal inference; it is not enough that they raise a mere surmise or suspicion of the existence of the fact or permit a purely speculative conclusion." Appellant's points one, two and three are overruled.

Appellant's point four asserts error was made in refusing to admit testimony of a doctor that appellee's symptoms were consistent with a drug induced neuritis. For the reasons set out out above this point is overruled.

Judgment of the trial court is affirmed.

1. TEX.PENAL CODE § 19.05(b) (Vernon 1978) (Involuntary Manslaughter)

(b) For purposes of this section, "intoxication" means that the actor does not have normal use of his mental or physical faculties by reason of the voluntary introduction of any substance in his body.