JOE ANDERSON V. THE STATE.

No. 9465.  Delivered November 11, 1925.

1.—Transporting Intoxicating Liquor—New Trial—Misconduct of Jury—
   Properly Refused.

   Where, on a trial for transporting intoxicating liquor, appellant asks
for a new trial on account of alleged misconduct of the jury, and evidence

is heard upon the issue, the action of the trial court will not be disturbed in the absence of an abuse of his discretion by the trial judge.

**2.—Same—Indictment—Held Sufficient.**

Where an indictment charging the transportation of intoxicating liquor follows the Statute it is sufficient, and it need not allege that the liquor was "knowingly" transported.

**3.—Same—Evidence—Held, Properly Excluded.**

Where appellant offered in evidence the stenographer's notes, showing all of the remarks and testimony of the court, upon the trial of appellant's co-defendant, who was a juvenile, which occurred on the trial of this co-defendant, no error is shown in excluding this evidence, as there was no materiality shown to the case of appellant, in such evidence.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction of transporting intoxicating liquor, penalty two years in the penitentiary.

The opinion states the case.

*Hughes & Munroe* of Dallas, and *F. M. Scott,* for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The appellant was convicted in the District Court of Harrison County for the offense of transportation of intoxicating liquor and his punishment assessed at confinement in the penitentiary for a term of two years.

By appellant's bill of exceptions No. 1 he complains at the action of the court in refusing him a new trial because of the misconduct of the jury. Testimony was heard on this question and is preserved in the record. An examination of this testimony convinces us that the trial court did not abuse his discretion in refusing a new trial because of such alleged misconduct. The issue was one of fact, and there is nothing in the record sufficient to convince us that the trial court in any manner abused his discretion in deciding this question contrary to appellant's contention.

The special charge offered by the appellant was in our opinion fully covered by the court in his main charge to the jury. We perceive no error in the court's action in refusing to quash the indictment. We think the same charges an offense against the law of this State and is in the language of the Statute denouncing the offense of transporting intoxicating liquor. We

know of no decision that requires the State to allege in an indictment that liquor is knowingly transported.

We are also unable to agree with appellant's contention that the court erred in refusing to permit him to offer in evidence the stenographer's notes, showing all of the testimony and remarks of the court in the case of The State of Texas vs. Austin, which was a juvenile hearing, held to determine the age of the said Austin, who was held on the charge of transporting liquor as a principal with the appellant herein. Briefly stated, it is the appellant's contention that because the State used the trial judge in this case as a witness and proved by him that Austin made statements to him at the time he was tried as a juvenile, which statements contradicted the testimony given by Austin while testifying for the appellant in this case, that the appellant was therefore entitled to introduce in evidence the stenographer's notes taken on the trial of Austin's case. The court qualified this bill by stating that the State offered no testimony concerning statements made by Austin to the court at the juvenile hearing but that the State did offer the testimony of the trial judge to impeach the testimony of Austin on this trial, which testimony of the trial judge showed that the testimony was a conversation that he had with Austin at the court's bench and did not in any manner refer to any testimony offered at the hearing in open court to determine whether the said Austin was a juvenile. The court further certifies in his qualification of the bill that Austin did not even testify at his hearing as a juvenile, and that therefore the testimony offered in the trial of Austin's case as a juvenile was irrelevant and immaterial.

We think under the qualification of the court that his ruling was correct. The facts are entirely sufficient to support the verdict, and finding no error in the record, it is our opinion that the judgment should be in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.