HOMER PENCE V. THE STATE.

No. 11402. Delivered March 7, 1928.
Rehearing denied October 10, 1928.

The opinion states the case.

*Davidson, Blalock & Blalock* of Marshall for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment confinement in the penitentiary for one year.

Appellant was seen by officers driving an automobile on East Bowie Street in the town of Marshall. The car was heavily loaded. The officers watched the car until it was lost to view. Later the officers drove out Longview road about seven or eight miles and found appellant and his wife at a little school house eating lunch. They were sitting near the car appellant had been driving. The car was searched and found to contain 164 quarts of whiskey.

Appellant did not testify in his own behalf. Appellant's wife, testifying in behalf of appellant, declared on direct examination that appellant had bought the whiskey in question from a man in a Dodge car; that this man removed the whiskey from his car to appellant's car and that appellant did not move his car after the whiskey had been placed in it.

The testimony touching the result of the search was objected to on the ground that the officers had no search warrant. The state undertook to show that appellant consented to the search. In view of the fact that appellant's wife testified to appellant's possession of the whiskey, it is unnecessary to determine whether or not the search of appellant's car was legal. Where the record shows that the same testimony thus objected to was otherwise introduced by the accused himself, or some other witness, without objection, the accused cannot claim to have been injured by the testimony objected to, even if such testimony was improperly admitted. Gonzales v.

State, 295 S. W. 901; Frey .v. State, Opinion handed down on January 25th, 1928; Bonilla v. State, Opinion handed down on January 25th, 1928; McLaughlin v. State, Number 11,286, Opinion handed down February 15th, 1928; Sifuentes et al. v. State, Number 11,546, Opinion handed down March 7th, 1928.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The indictment alleges that appellant transported the liquor in question upon a "public road" without designating any particular road. It has been held that such averment was unnecessary. Tro v. State, 101 Tex. Cr. R. 185, 274 S. W. 634; Anderson v. State, 102 Tex. Cr. R. 183, 277 S. W. 1066. By supplemental brief in connection with his motion for rehearing appellant urges for the first time that the state failed to support said allegation by proof, and that having described the offense with unnecessary particularity the state must prove it as alleged. There is evidence from which the jury could find that appellant had transported the liquor on the "Longview" road. There is no evidence as to the character of said road. However, this seems unimportant in determining the question presented. A witness testified that he saw appellant driving the car in which the liquor was later found upon East Bowie Street in the City of Marshall. From the evidence the jury was warranted in concluding .that the car at that time contained the liquor. The City of Marshall was granted a charter of incorporation by the Legislature in 1905 (Chapter 8, p. 104, Acts 1905). We therefore may take judicial knowledge that Marshall is an incorporated city, and we know from the present record that East Bowie Street is in said city. The witness Ezell lived on said street and had frequently seen people traveling thereon. A "public road" as the term is commonly used denotes a public way —a highway—in the country rather than the street of a town or city. Corpus Juris, Vol. 29, page 368–370. It usually takes its public character from its establishment as a "public road" by the proper authorities, or long use by the public. The term street as ordinarily used is a "public way or road in a city or village. It is a public thoroughfare and highway; all streets are highways, al-

though all highways are not streets." Vol. 28 Cyc., page 832. Inness v. State, 106 Tex. Cr. R. 524, 293 S. W. 821 deals with a somewhat similar question. The evidence justified the jury in concluding that appellant transported the liquor on East Bowie Street in the City of Marshall and therefore upon a public road.

We deem it unnecessary to discuss the other questions presented in the motion.

Appellant's motion for rehearing is overruled.

*Overruled.*