## JIM WHITE V. THE STATE.

No. 18386. Delivered June 3, 1936.
Rehearing Denied June 26, 1936.

The opinion states the case.

*R. H. Templeton* and *Edward Brown,* both of Wellington, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public highway while intoxicated; the punishment, a fine of ten dollars.

Appellant operated a school bus in the city of Wellington. Witnesses for the State testified that they observed him driving said bus on a street in said city on the 29th of October, 1935; that there was a small boy in the bus with him; that appellant complied with their request to get out of the bus; that in their opinion he was drunk. One of the witnesses testified: "In my judgment, based on my experience, I would say that the de-

fendant, Jim White, was drunk at that time. I say that because of the way he talked and the way he walked and the smell of his breath. His tongue was a little shaky and thick and he talked right smart. I have had occasions to observe him when he wasn't under the influence of intoxicating liquor, and at those times he was not talkative. I noticed that the defendant couldn't walk straight either." We quote from the testimony of another witness for the State: "I remember the occasion when he (appellant) was arrested on or about the 29th of October, charged with drunkenness in connection with being in a school bus here in Wellington. I saw the defendant on that date right in front of my house. He was driving along and ran into a ditch and against a post. When he hit that post he backed back and picked up a half pint bottle and emptied it and run against the post and backed back I guess five or six times before he could get the car out of the ditch. * * * He threw the bottle down."

Testifying in his own behalf, appellant denied that he had been drinking on the occasion in question. It was his version that he was sick. He introduced witnesses who gave testimony corroborating him.

The indictment read as follows:

"IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS.

"The grand jurors, duly selected, organized, sworn and impaneled as such for the County of Collingsworth, State of Texas, at the regular November term, 1935, of the District Court of said County, a quorum thereof being present, upon their oaths present in and to said court that on or about the 29th day of October, A. D. 1935, and anterior to the presentment of this indictment, in the county and state aforesaid, Jim White.

"Did then and there unlawfully drive and operate a motor vehicle upon a public highway situated within said county and state, while he, the said Jim White, was then and there under the influence of spirituous, vinous and malt intoxicating liquors.

"Against the peace and dignity of the State."

Appellant filed a motion to quash the indictment predicated upon the ground that it was indefinite in that the location of the highway was not alleged therein. The motion was properly overruled. It is stated in the opinion in the case of Nichols v. State, 49 S. W. (2d) 783, that in the second count the indictment charged that Nichols, while intoxicated, operated an automobile upon a public highway in Coleman County, Texas. In

the opinion this court said: "We further believe that the allegations in the second count were sufficient." An examination of the record in said case discloses that the second count of the indictment read as follows: "And the grand jurors aforesaid, upon their oaths aforesaid, do further present in and to said court that Edna Nichols, on or about the 10th day of June, A. D. 1930, and anterior to the presentment of this indictment, in the County of Coleman and State of Texas, did then and there unlawfully, while intoxicated, and while under the influence of intoxicating liquor drive and operate an automobile, on a public highway, against the peace and dignity of the State." The record in said case also discloses that in submitting the case the court, in the beginning of the charge, instructed the jury as follows: "In this connection the defendant stands charged by indictment with the offense of operating an automobile upon a public highway in Coleman County, Texas, while intoxicated, said offense alleged to have been committed on or about June 10, 1930."

In Blackman v. State, 20 S. W. (2d) 783, it was charged in the indictment that the offense was committed while Blackman was driving a motor vehicle upon a public highway situated in Randall County, Texas. The judgment was affirmed.

Appellant contends that there is a variance between the proof and the allegation in the indictment as to the place where the automobile was operated. In short, it is his position that proof that the car was operated on a public street in the city of Wellington will not sustain the allegation that said car was operated on a public highway in the County of Collingsworth. This contention can not be sustained. We have expressly held that a street within a city is a public road within the meaning of the statute. Blackman v. State, supra. As already observed, in Blackman's case the indictment charged that, while intoxicated, the accused drove a motor vehicle upon a public highway situated in Randall County, Texas. The proof on the part of the State was to the effect that the car was driven upon various streets of Amarillo, an incorporated city. It was also shown that certain of the streets of Amarillo upon which the car was driven were in Randall County, Texas. We held that there was no variance.

In bill of exception No. 1 appellant complains of the refusal of the court to grant his first application for a continuance, which was based on the absence of two witnesses. The application was fatally defective in failing to embrace an aver-

ment that it was not made for delay. Subdivision 5, Art. 543, C. C. P.; Zumwalt v. State, 5 Tex. App., 525; Perkins v. State, 46 S. W. (2d) 672; Boxie v. State, 81 S. W. (2d) 692.

It is shown in bill of exception No. 4 that appellant presented to the court a written motion to exclude the testimony of the justice of the peace to the effect there appeared on the docket of his court a plea of guilty by appellant to a charge of drunkenness, which said charge grew out of the transaction involved in the present case. It is averred in the motion, among other things, that no complaint had been filed against appellant at the time the plea of guilty was entered. After setting forth the written motion, the bill concludes with the statement that the court overruled same and declined to withdraw said testimony. There is nothing in the bill in support of the averments embraced in the motion. Under the circumstances, it is insufficient to reflect error.

Bill of exception No. 3 recites that the justice of the peace testified, over appellant's objection, that after he had been charged with drunkenness appellant stated to him, in substance, "that that was one time he hadn't been falsely accused," and further, that he stated, in substance, that he was drunk on the occasion in question. We think appellant's objection that the testimony was a conclusion of the witness and inadmissible was properly overruled. There is nothing in the bill of exception indicating that the statement was inadmissible under the provisions of Art. 727, C. C. P., relating to confessions of the accused while under arrest.

Bill of exception No. 9 relates to alleged misconduct of the jury. Three jurors testified that prior to the time a verdict had been reached, a juror stated that he knew appellant and he was a drunkard. The juror to whom said statement was attributed testified that the jury had already agreed upon a verdict when he referred to the fact that appellant was a drinking man. He testified further that he merely stated that he had known appellant for a number of years and that he was a drinking man. It was shown in the evidence on the trial of the case, without objection, that appellant was a drinking man. Appellant himself testified on his direct-examination: "I drink a little, of course, but when I started this job driving I quit. I told everybody I would quit." The trial judge was warranted in concluding that if the statement attributed to the juror was made it was after the jury had reached a verdict. The further conclusion was warranted that said juror merely stated that he had known appellant for several years and that he was

a drinking man. Under the circumstances, we think the bill of exception fails to reflect error.

A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant again urges that we should have given consideration to his assignments of error, and he then refers to his fourth assignment of error as set forth in his motion for new trial, etc. This court does not pass upon assignments of error as has been said by us many times. All complaints, in order to bring them properly before this court, must be made the subjects of bills of exception. What appellant refers to as his assignment of error No. 4 is one of the paragraphs in his motion for new trial. The motion for new trial contains eight pages, and consists of seventeen paragraphs. We have no means of knowing from this record that the action of the trial court in overruling the entire motion for new trial was not well supported in every way. Practically all of the complaints of appellant in his motion for rehearing are in the same unfortunate condition as the one just referred to.

Looking to the transcript in this case, and examining the bills of exception therein contained, we are led to believe that substantially the same complaint appears in appellant's bill of exceptions No. 4 that is in what is called his assignment of error No. 4. Said bill of exceptions, in substance, sets out that appellant presented to the court his motion in writing to withdraw and exclude the testimony of Justice of the Peace Myres, and the motion made by appellant in this regard is set out in the bill of exceptions, which proceeds to say that the court having heard said motion and fully considered same, overruled it. We said in our original opinion the bill concludes with the statement that the court overruled the motion and declined to withdraw said testimony. We have again looked over the bill of exceptions and find nowhere in same any facts stated and certified to by the court as true which would support any proposition on behalf of appellant that the court's action

was not well taken. A bill of exceptions presenting merely a complaint of argument, the introduction of evidence, or any other matter of procedure which does not carry within itself a showing that the action complained of is erroneous,—is incomplete. The bill of exceptions shows no error. Appellant has several other assignments of error aimed at the testimony of Mr. Myres. We have been put to the trouble of searching through the bills of exception to find if there be support of any of these propositions without finding same. Mr. Myres would have a perfect right to testify to the statements made to him by the appellant, in substance, that he was drunk on the occasion of the alleged drunk driving charged against him. The bills of exception complaining of the various matters pertaining to the proceedings before Justice of the Peace Myres are so defective as it is impossible for us to appraise same.

Appellant brings down, in support of one of his complaints, a supplemental transcript containing bills of exception 3 and 10. Unfortunately they are in the same condition as the other bills of exception herein, neither of same containing any certificate or showing on the part of the trial court of facts that support appellant's complaint. The mere making of complaints and the overruling of same, and the recitation of such facts in a bill of exceptions bring nothing before us. Appellant has a lengthy recitation in his motion of facts appearing in the testimony of various witnesses in the statement of facts as supporting contentions made by him in bills of exception. Those facts ought to have been put into bills of exception and certified by the trial court in his approval thereof. This court has said times almost without number that we can not go to the statement of facts in order to verify complaints in bills of exception, but the bill must be complete within itself. See Boone v. State, 215 S. W., 310. The authorities are uniform in support of this proposition.

The motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.