## J. O. JONES V. THE STATE.

No. 18726.   Delivered March 24, 1937.
Rehearing Denied May 12, 1937.

The opinion states the case.

*W. W. Kirk,* of Plainview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for driving an automobile upon a public highway while intoxicated; penalty assessed at a fine of $300.00 and confinement in the county jail for a period of forty-five days.

The indictment charged that the offense was committed on the 14th day of April, 1935. This was prior to the effective date of Chapter 424, Acts of 44th Legislature, First Called Session. This act amended Art. 802, P. C., 1925, and the effect thereof, among other things, was to increase the minimum punishment to not less than a fine of fifty dollars, whereas the prior act did not fix a minimum punishment.

By a motion to quash the indictment the appellant contends that the effect of the amendment was to substitute another and different law increasing the penalty and that in the

absence of a savings clause no prosecution could be successfully maintained under the amended article.

Article 13 of the Penal Code reads as follows:

"When the penalty for an offense is prescribed by one law and altered by a subsequent law, the penalty of such second law shall not be inflicted for an offense committed before the second shall have taken effect. In every case the accused shall be tried under the law in force when the offense was committed, and if convicted punished under that law; except that when by the provisions of the second law the punishment is ameliorated he shall be punished under the second unless he elect to receive the penalty prescribed by the law in force when the offense was committed."

Under the uniform holdings of this court on a state of facts as here presented, the statute quoted has authorized the prosecution to be brought and maintained under the law as it existed at the time the offense was alleged to have been committed. See McNeil v. State, 91 Texas Crim. Rep., 402; Kendall v. State, 55 Texas Crim. Rep., 139; Sharp v. State, 94 S. W. (2d) 177.

Note is taken of the fact that in submitting the case to the jury the punishment, as fixed by the former law, was given and charged to the jury. Giving effect to the statute and the decisions mentioned, we are constrained to hold that the trial court was correct in overruling the motion to quash the indictment upon the ground stated.

Aside from the foregoing, there is nothing presented in the record which would justify a reversal or require further discussion.

The judgment is affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant still insists that we should have regarded the Act of the 44th Legislature, 1st C. S., page 1654, as a repeal of Art. 802, P. C., as enacted in 1923, 2d C. S., page 56, and not as an amendment thereto.

We have frequently discussed the terms "intoxicated" and "under the influence of intoxicating liquor" as found in the statute against drunken driving, the last being in No. 18,609, Maedgin v. State, opinion on rehearing May 5, 1937 (Reported on page 397 of this volume), wherein the holdings in former

cases were reviewed and the opinion adhered to that the terms in that statute mean practically the same thing.

The motion for rehearing is overruled.

*Overruled.*