# NOVEMBER 26, 1941

## T. C. BEDWELL V. THE STATE.

No. 21703. Delivered October 29, 1941.
Rehearing Denied November 26, 1941.

The opinion states the case.

*L. D. Hartwell,* of Greenville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is driving a motor vehicle along and upon a public street in the City of Greenville, Texas, while intoxicated. The punishment assessed is confinement in the county jail for a period of five days and a fine of $400.00.

Appellant claims that the trial court erred in two respects, namely, in declining to sustain his motion to quash the indictment on the ground that the same is too vague and indefinite in that it fails to state upon what particular highway of the county or upon what street, if any, of any town in said county the appellant operated a motor vehicle while intoxicated. The second ground upon which he claims a reversal of the judgment is that the evidence is insufficient to justify and sustain his conviction.

We will discuss each of the claimed errors in the order in which they are presented.

Omitting the formal parts, the indictment reads as follows:

"* * * That T. C. Bedwell on or about the 15 day of January Nineteen Hundred and Forty-one and anterior to the presentment of this indictment, in the County of Hunt and State of Texas, did then and there unlawfully while intoxicated and while under the influence of intoxicating liquor drive and operate a motor vehicle, to-wit, an automobile, upon a public highway in said county, etc."

We deem the indictment sufficient to charge an offense against the laws of the State. If appellant operated a motor vehicle upon any highway or street of a town or city in said county while intoxicated, he violated the law, and it would seem to us to be unnecessary to allege the particular street or highway upon which he drove his automobile. Of course, if the State in its pleading had designated a certain highway or a certain street of a particular city, then it would be required to prove the offense as charged. The State was not required to plead its evidence. If the indictment is sufficient to advise the accused of the particular offense with which he is charged, that is all the law requires. See White v. State, 131 Tex. Cr. R. 69.

With reference to the second contention, we deem it sufficient to say that the testimony adduced by the State shows that appellant, while intoxicated, drove his automobile along and upon Wesley Street in the City of Greenville, Texas. The defendant and his witnesses denied that he was intoxicated or under the influence of intoxicating liquor at the time and place claimed by the State. Consequently, an issue of fact was raised which the jury decided adversely to him. The record fails to disclose any objections to the court's charge or any exceptions to the admission or exclusion of any evidence. Consequently no reversible error is reflected by the record.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant contends that by virtue of the passage of the Act of the 47th Legislature, Regular Session, page 819, amending the provisions of Art. 802, P. C., and prescribing a misdemeanor penalty for the first offense, it operated as a repeal of the original article, and therefore because of such repeal this cause should be reversed and ordered dismissed.

We have heretofore held that such an Act of the 47th Legislature was but an amendment to Art. 802, P. C., and is governed

by the provisions of Art. 13, P. C. See Jones v. State, 132 Tex. Cr. R. 445, 104 S. W. (2d) 871; Maedgen v. State, 132 Tex. Cr. R. 397, 104 S. W. (2d) 518, and Davis v. State, our No. 21699, opinion delivered October 29, 1941, and not yet reported. (Page 602 of this volume).

It is also noted that this offense was alleged to have been committed on January 15, 1941, and was tried and disposed of on March 28, 1941, prior to the passage of the Act of the 47th Legislature, which was effective on June 17, 1941.

The motion is overruled.