**Cecil BIRDSONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37114.**

Court of Criminal Appeals of Texas.

Feb. 10, 1965.

Rehearing Denied March 17, 1965.

Glen Sutherland, El Paso, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is drunk driving; the punishment, 30 days in jail and a fine of $50.

The information alleged that on or about the 29th day of September, 1962, in said County of El Paso, appellant "did then and there unlawfully while intoxicated and while under the influence of intoxicating liquor, drive and operate a motor vehicle, to wit, an automobile, upon a public road and highway in said state and county."

█ While no motion to quash or exception to the information is shown in the record, appellant's first claim of error is that the information is indefinite and uncertain in that (1) It does not allege a certain day; (2) Does not allege any certain place in the very large County of El Paso where the alleged offense was committed.

We find no merit in the contention that the information, in view of Arts. 396 and 398 C.C.P., is not sufficiently definite. Nichols v. State, 120 Tex.Cr.R. 219, 49 S.W.2d 783; Barner v. State, 162 Tex.Cr.R. 73, 282 S.W. 2d 221; Spradlin v. State, Tex.Cr.App., 368 S.W.2d 210.

The sufficiency of the evidence to sustain the jury's verdict is not questioned. Claimed errors in the admission of certain testimony will be considered in connection with a statement of the evidence.

█ The undisputed evidence shows that, while driving his 1952 Chevrolet automobile on an El Paso street about 4 P.M. on September 29, 1962, appellant's car left the street, ran over the curb and through a chain link fence and a rock wall about four and a half feet high, and came to rest against a tree in the yard of Gregorio Martinez.

Appellant was alone in the car and remained in the driver's seat and was trying to start it, though it "was pretty well banged up" and he was told that it was useless because all the water had run out of it.

Gregorio Martinez, who was at work at the time, testified that he got home about 7 P.M. and saw the damage that had been done to the chain link fence that divided his front and back yards, and his rock fence. Mr. Martinez was asked and answered:

"Q. And did your children play in that back yard?

"A. No sir, not at that time, they were in the house."

Appellant's objection was sustained and, at his request, the jury was instructed not to consider the question or the answer for any purpose.

The witness was then asked: "Mr. Martinez, do you have any idea the extent in money, what was the extent of damages to your chain link fence and your block wall?" Appellant objected on the ground "that is not material" and his objection was sustained.

We see no merit in appellant's claim of error in regard to the examination of this witness.

Patrolman Darrell Gilbert, who was dispatched to the scene to investigate an accident, testified that he found the appellant sitting in the driver's seat of the car that was in the yard against a tree. He described it as a Chevrolet automobile that had gone through a chain link fence and through a brick wall and up against a tree.

Officer Gilbert testified: He asked appellant to get out of the car and to go to the patrol car, which he did; he asked for his driver's license and appellant gave it to him; he asked appellant if he was hurt and he replied that he didn't believe he was; he could smell a strong odor of alcoholic beverage on appellant's person and asked him how much he had had to drink and appellant told him that he had drunk approximately four bottles of beer. He asked him if that was all and appellant "said he didn't know for sure, that he didn't keep track when drinking of how many he drank."

Appellant objected and complains that the court erred in permitting Officer Gilbert to

testify as to the statements of the appellant on the ground that appellant was under arrest.

■ We do not agree that the evidence supports appellant's contention that he was under arrest. Even so, the statements complained of were a part of a conversation between the arresting officer and appellant at the time of the arrest and were admissible as statements incident to such arrest. Womack v. State, 160 Tex.Cr.R. 237, 268 S.W. 2d 140.

The witness Gilbert was asked and answered (regarding appellant's operator's license)

"Q. Was there anything unusual about it?

"A. Yes, it was expired."

■ Appellant's objection was sustained and, at his request, the trial judge instructed the jury not to consider the question or the answer for any purpose. The absence of a motion for mistrial disposes of the contention that no instruction could cure the error.

■ Appellant's complaint that he was not taken before a magistrate before being taken to jail is without merit. Gilbert v. State, 126 Tex.Cr.R. 290, 284 S.W.2d 906.

■ Patrolmen Gilbert and Goodnow, and Sgt. Burgess expressed the opinion that appellant was intoxicated. They testified that they observed him at the scene; conversed with him; observed that he swayed as he walked, that his speech was slurred and that he had the oder of intoxicants on his breath.

There was also testimony from the state's witnesses that a half-pint whiskey bottle with some "just regular whiskey" in it was found in appellant's car.

Appellant denied that there was whiskey in the bottle; denied that he admitted having drunk or that he had drunk more than one

bottle of beer, and testified that he was sober and that the cause of his accident was that the steering wheel on his car locked.

His testimony that he was sober and had drunk only one bottle of beer, and that the whiskey bottle in the car contained oil, not whiskey, was corroborated by appellant's witness Rufus McCoy.

The jury resolved the disputed issue, as to appellant's being intoxicated, against him.

The evidence is sufficient to sustain the conviction and we find no reversible error.

The judgment is affirmed.