**Donna Denise KING, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–338–CR.**

Court of Appeals of Texas,
Fort Worth.

Sept. 26, 1985.

J.R. Molina, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and Mary Thornton Taylor, and Ed Youngblood, Asst. Dist. Attys., Fort Worth, for State.

Before FENDER, C.J., and JOE SPURLOCK, II, J.

OPINION

FENDER, Chief Justice.

This is an appeal from a conviction on plea of guilty for the misdemeanor offense of driving while intoxicated. The sole ground of error concerns the overruling of a motion to quash which asserted that the information was deficient in failing to specify in what "public place" appellant committed the offense. All parties (and this court) agree that the right to appeal this ruling was properly preserved.

We affirm the ruling of the trial court.

The information in this case charges that "(appellant) ... did ... operate a motor vehicle *in a public place* while ... intoxicated ... (etc)." (Emphasis added). Appellant's motion to quash complains that this is not enough notice of "where" to allow preparation of a defense or to bar subsequent prosecution. Counsel for both appellant and the State agree that this information charges the offense essentially in the wording of the statute. (TEX.REV. CIV.STAT.ANN. art. 6701L–1(b) (Vernon Supp.1985).

In *Neeley v. State*, 100 Tex.Crim.R. 76, 271 S.W. 922 (1925) the court stated:

"Appellant was convicted in the county court of Hall county for the offense of being drunk in a public place, and his punishment was assessed at a fine of $25.

"Appellant's first and second assignments complain of the court's action in not granting his motion to quash the indictment. The indictment follows the statute and the approved forms and is sufficient."

In *Howard v. State,* 76 Tex.Crim.R. 297, 174 S.W. 607 (1915) in a prosecution for drunkenness in a public place the court stated:

"The court did not err in overruling his motion to quash them. It was not necessary to further identify the public place than was done. *Nor was it necessary that they should allege the particular place in the county.* The allegation that it was in Newton County was all that is required." (Emphasis added).

In *Peter v. State,* 148 Tex.Crim.R. 475, 188 S.W.2d 178 (1945) in a prosecution for "did then and there curse and swear, yell and shriek" and that same happened "into and near a public road" the court stated in upholding the trial court's denial of motion to quash:

"As to the second contention, the conclusion is reached that the same rule should be here applied which controls in case of driving an automobile upon a public highway while intoxicated. In such case, we have consistently held that no designation of the highway is required. (*Cites omitted*). It follows that in the instant case no designation of the particular public road was required in the information."

We follow these holdings in the instant cause and overrule appellant's sole ground of error. The judgment of the trial court is affirmed.

ASHWORTH, J., dissents.

ASHWORTH, Justice, dissenting.

I respectfully dissent.

In view of the expanded definition of "public place", the information did not adequately apprise appellant of the offense charged against him. Also, there is such uncertainty in the information that the appellant could not plead a conviction as a bar to a future prosecution for the same offense.