**Donna Denise KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 1197–85.

Court of Criminal Appeals of Texas, En Banc.

April 15, 1987.

Petition for discretionary review from Second Court of Appeals, 2nd Supreme Judicial District.

J.R. Molina, Fort Worth, for appellant.

Tim Curry, Dist. Atty. and C. Chris Marshall and Delonia A. Watson, Asst. Dist. Attys., Fort Worth, Robert Huttash, State's Atty., Austin, for the State.

**OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW**

**PER CURIAM.**

Appellant pleaded guilty to a charge of misdemeanor driving while intoxicated.

---

She appealed her conviction to the Second Court of Appeals, which affirmed in a published opinion. *King v. State*, 696 S.W.2d 302 (Tex.App.—Ft. Worth 1985).

In her petition for discretionary review, appellant contends the Court of Appeals erroneously affirmed the trial court's denial of her motion to quash the information. Appellant filed a motion to quash alleging, inter alia, "[t]he information does not state where the offense took place except that the offense occurred in a 'public place'." In her brief submitted to the Court of Appeals, appellant pointed out that "public place" means "any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops." Tex.Rev.Civ.Stat.Ann., Art. 6701*l*–1(a)(4); V.T.C.A., Penal Code Sec. 1.07(a)(29). She then argued that her motion to quash should have been granted because the information did not allege the *type* of public place. The Court of Appeals relied on three cases decided prior to the expanded definition of "public place" in holding that it is unnecessary to allege anything more than "public place."

They did not correctly address appellant's claim based upon the current law at the time.[1] Also see *Adams v. State*, 707 S.W.2d 900 (Tex.Cr.App.1986). Therefore, the cause is remanded to the Court of Appeals to address appellant's claim. This Court expresses no opinion regarding the ultimate disposition of this issue.

The judgment of the Court of Appeals is vacated and the cause remanded for further proceedings in accordance with this opinion.

ONION, P.J., and DUNCAN, J., dissent to remand.

---

**1.** See V.T.C.A., Penal Code Sec. 1.07(29) and the dissent by Justice Ashworth.