**Donna Denise KING, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–84–338–CR.**

Court of Appeals of Texas, Fort Worth.

July 9, 1987.

J.R. Molina, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and C. Chris Marshall, Mary Thornton Taylor and Delonia A.

Watson, Asst. Dist. Attys., Fort Worth, for State.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION ON REMAND

FENDER, Chief Justice.

This cause was originally affirmed by this court on September 26, 1985. *King v. State,* 696 S.W.2d 302 (Tex.App.—Fort Worth 1985). Pursuant to Petition for Discretionary Review, the Court of Criminal Appeals, *per curiam,* has remanded this cause to us for further explication,[1] noting that all authorities cited by us in our original opinion were decided prior to the passage of the present D.W.I. law which prohibits drunk driving in a "public place" rather than upon a "public road or highway ... or ... street or alley ...", as was required under prior law. *Compare* TEX. REV.CIV.STAT.ANN. art. 6701*l*–1(b) (Vernon Supp.1987) *with* Act of June 13, 1979, ch. 682, sec. 3, 1979 Tex.Gen.Laws 1608, 1609. By footnote the court above has cited us to the dissent filed by Ashworth, J., in connection with our earlier opinion, *supra,* and to TEX.PENAL CODE ANN. sec. 1.07(a)(29) (Vernon 1974) (the current definition of "public place"). *En passant* the court above suggests our examination of *Adams v. State,* 707 S.W.2d 900 (Tex. Crim.App.1986).

In order to set the stage for this in-depth inspection of the problem some discussion is in order. Prior to January 1, 1984, article 6701*l*–1 provided, in pertinent part:

Any person who drives or operates an automobile or any other motor vehicle upon any public road or highway in this State, on a beach as defined in the Uniform Act Regulating Traffic on Highways, as amended (Article 6701d, Vernon's Texas Civil Statutes), or upon any street or alley within the limits of an incorporated city, town or village, while such person is intoxicated or under the influence of intoxicating liquor, shall be guilty of a misdemeanor....

Former TEX.REV.CIV.STAT.ANN. art. 6701*l*–1 (as amended in 1979). Following amendment said article provides:

(b) A person commits an offense if the person is intoxicated while driving or operating a motor vehicle in a public place....

and

(a) ...

(4) "Public place" has the meaning assigned by Section 1.07(a)(29), Penal Code.

TEX.REV.CIV.STAT.ANN. art. 6701*l*–1(b), (a)(4) (Vernon Supp.1987). Reference having been made, in the latest version, to TEX.PENAL CODE ANN. sec. 1.07(a)(29), same is here set forth:

"Public place" means any place to which the public or a substantial group of the public has access and includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.

*Id.*

Next we must examine the record to determine just what question was presented to the trial court, to this court and to the Court of Criminal Appeals. In the motion to quash appellant stated:

The Defendant requests that the Court Quash the Information in this Cause for the following reasons:

1. The Information does not give the Defendant sufficient notice for the preparation of a defense and to bar subsequent prosecutions.

2. The Information does not state where the offense took place except that the offense occurred in a "public place." A public place is defined in Sect. 1.07(29) of the Penal Code in several different fashions none of which is stated in the said Information. "Public place" may mean streets, highways or the common areas of schools, hospitals, apartment houses, office buildings, transport facilities and shops or any place to which the public or a substantial group of the public has access.

....

---

1. *King v. State,* 728 S.W.2d 381 (Tex.Crim.App. 1987) (per curiam).

Because the Information fails to allege the specificity required to place the Defendant on notice to prepare a defense and bar subsequent prosecutions, the Information should be quashed. The Information is fundamental [sic] defective because of these failures described in paragraphs 1, 2, [3 and 4] above. It is thus violative of due process.

The remainder of the motion to quash contains two paragraphs on the subject of "intoxication" which are no longer at issue. The statement of facts reflects that this motion was presented to the trial court with the assertion by defense counsel that he wished to offer no evidence and that the motion speaks for itself. The trial judge denied the motion to quash; the defendant entered a plea of guilty; the court properly admonished the defendant; and the plea-bargain was put into effect. This being a misdemeanor, no evidence was offered.

In this court appellant's brief set forth *in haec verba* the pertinent portions of the motion to quash. Following this were several general statutes on indictments (and informations); an argumentative paragraph on double jeopardy containing a hypothetical fact situation but citing no authority (which will be dealt with later in this opinion); a general reference to *Haecker v. State*, 571 S.W.2d 920 (Tex.Crim.App. 1978) together with a nonspecific application thereof; and a closing paragraph, the last sentence of which is, "[i]n other words, the Information did not allege on what *particular* public place the Appellant drove a motor vehicle while intoxicated." [Emphasis ours.]

In her petition for discretionary review, appellant urged, "[t]he Appellate [sic] in this case was not complaining nor requiring that a *particular* public place be defined or alleged in the information." [Emphasis ours.]

The Court of Criminal Appeals stated in its remanding opinion:

She then argued that her motion to quash should have been granted because the information did not allege the *type* of public place. The Court of Appeals relied on three cases decided prior to the expanded definition of "public place" in holding that it is unnecessary to allege anything more than "public place."

*King,* 728 S.W.2d at 382 (emphasis in original).

In the Act of May 28, 1923, 2nd C.S., ch. 23, secs. 1–2, 1923 Tex.Gen.Laws, 56, the original "D.W.I." law was enacted as follows:

Section 1. It shall be unlawful for any person to drive or operate an automobile or any motor vehicle upon any street or alley or any other place within the limits of any incorporated city, town or village in this State or upon any public road or highway in this State while such person is intoxicated or in any degree under the influence of intoxicating liquor.

Sec. 2. Any such person violating this Act shall be guilty of a felony and upon conviction shall be punished by confinement in the penitentiary for not more than two years, or by confinement in the county jail for a period of not more than ninety days, or by a fine of not more than five hundred dollars, or by both such fine and imprisonment.

*Id.*

In 1935 the specific designation as "felony" was deleted and the expression "in any degree under the influence of intoxicating liquor" was removed.[2] In 1937 the "any degree" provision was reinstated and certain changes were made in punishment.[3] In 1941 the offense was specifically made a misdemeanor and the "situs" of the offense was changed by deleting "or any other place" as a "prohibited area" in cities, towns or villages.[4] The 1941 change also removed "in any degree" from "under the influence."[5] In 1953 certain changes were

---

**2.** *See* Act of October 23, 1935, 1st C.S., ch. 424, sec. 1, 1935 Tex.Gen.Laws 1654, 1654.

**3.** *See* Act of March 22, 1937, ch. 60, sec. 1, 1937 Tex.Gen.Laws 108, 108.

**4.** *See* Act of June 17, 1941, ch. 507, sec. 1, 1941 Tex.Gen.Laws 819, 819.

**5.** *See id.*

made in punishment.[6] In 1973 this offense was removed from the Penal Code and codified in the traffic laws, where it now resides.[7] In 1979 the Legislature again revised the "situs" provision by adding "beach."[8]

In 1983 the Legislature substantially amended this offense by inserting several definitions of terms and re-defining the offense.[9] For the first sixty years the gravamen of the offense was the "driving or operation" of a motor vehicle *while* [intoxicated, etc.]. In the current prohibited activity it is an offense "to be intoxicated" *while* [driving or operating, etc.]. The "situs" has been amended to be "a public place." By specific reference "public place" has been defined as set forth in the general definitions section of the TEX.PENAL CODE ANN. sec. 1.07.

Based upon the foregoing necessarily lengthy background material we will undertake to describe the legal problem to be addressed in this opinion. First we are faced with a trial court motion complaining of the lack of *where* the offense took place; a ground of error in this court specifying lack of a *particular* public place; a petition for discretionary review complaining of a lack of selection among varying statutory definitions; and a finding from our reviewing court that the *type* of public place is at issue. We interpret this to lead to this question—"Under the current statute prohibiting intoxication as to any person operating a motor vehicle in a public place, with what degree of specificity must the prosecutor *describe* the public place?"

In the case of *Tro v. State*, 101 Tex.Cr.R. 185, 274 S.W. 634 (1925) a conviction was had for "transporting intoxicating liquor." The Court stated, "[w]e think the indictment sufficiently charged an offense, without any allegation as to the place to or from which the liquor was transported." *Id.* 274 S.W. at 635.

In *Pence v. State*, 110 Tex.Cr.R. 378, 9 S.W.2d 348 (1928) (opinion on reh'g) the indictment alleged that Pence transported liquor upon a "public road," without designating any particular road. This was held sufficient and further the court held that although proof of the "Longview" road without testimony to show same as a "public road" was insufficient, nevertheless, proof that Pence drove on a "street" in the City of Marshall was sufficient to prove "public road." The Court stated that "all streets are highways, although all highways are not streets." *Id.* 9 S.W.2d at 349.

Further along this line, in *Blackman v. State*, 20 S.W.2d 783 (Tex.Cr.App.1929) (opinion on reh'g) although no motion to quash was involved, the Court held in examining the proof where "public highway" was alleged:

> Proof that the car was driven upon a street is sufficient to meet the averment in the indictment that it was on a public highway. *See Pence v. State*, 110 Tex. Cr.R. 378, 9 S.W.(2d) 348; *also, Inness v. State*, 106 Tex.Cr.R. 524, 293 S.W. 821. The conclusion reached and stated by this court in the cases mentioned is in accord with many judicial announcements in other states. In *Shannon v. Martin*, 164 Ga. 872, 139 S.E. 671, 672, it is said: " 'Roads' and 'highways' are generic terms, embracing all kinds of public ways, such as county and township roads, streets, alleys," etc. "A 'street' is a highway, but a 'highway' is not necessarily a street."

In *State v. Sakowicz*, 98 N.J.Law, 905, 125 A. 322, a case involving the prosecution for driving while intoxicated, it is said: "Every public thoroughfare is a 'public highway' within the act penalizing driving while intoxicated upon a public street or highway."

*Id.* at 785.

Then in *Nichols v. State*, 120 Tex.Cr.R. 219, 49 S.W.2d 783 (1932), the Court of Criminal Appeals comes to grips with the

---

**6.** *See* Act of May 19, 1953, ch. 167, sec. 1, 1953 Tex.Gen.Laws 480, 480.

**7.** *See* Act of June 14, 1973, ch. 399, sec. 5, 1973 Tex.Gen.Laws 883, 996c.

**8.** *See* Act of June 13, 1979, ch. 682, sec. 3, 1979 Tex.Gen.Laws 1608, 1609.

**9.** *See* Act of June 16, 1983, ch. 303, sec. 3, 1983 Tex.Gen.Laws 1568, 1574.

purpose and scope of the D.W.I. statute. Although primarily concerned with the quantum of proof on motion for instructed verdict, Judge O.S. Lattimore necessarily comes to grips with the sufficiency of the indictment as follows:

> Conviction for driving an automobile on a public highway while intoxicated; punishment, a fine of $50 and thirty days in the county jail.
>
> . . . .
>
> The indictment in this case contained two counts, one charging that appellant while intoxicated operated an automobile upon Colorado street, a street of an incorporated town, to wit, Coleman, Tex.; *the other count charging that appellant while intoxicated operated an automobile upon a public highway in Coleman county, Tex....*
>
> . . . .
>
> ... The testimony established that the driving of the car was upon Colorado street in Coleman, Tex., and this was a street then used by the public and open to traffic. Appellant also asked a special charge instructing the jury to acquit upon the ground that the state had failed to make out a case.
>
> The question thus arises as to what is a public highway or road in the sense that term is used in article 802, P.C. The object of said statute is to protect the general public, while using ways which are open to the public, from dangers incident to the operation thereon of automobiles by those who have made themselves unfit for such operation by the use of intoxicating liquor.
>
> In our opinion the words "public road or highway" in said statute were used to differentiate same from private roads. *See* article 6701 Revised Civil Statutes 1925, quoted in our opinion in *Wood v. State,* [119 Tex.Cr.R. 352] 45 S.W.(2d) 599, handed down January 27, 1932. *We further believe that the allegations in the second count were sufficient;* also that by oral testimony of persons reasonably familiar with such use, it may be shown that such street, road, or highway is public, that is, one used or open for use and traffic by the public. *Questions as to the time or manner of dedication, title to the soil, place of location, as within a city, town, or in the country, or questions of private rights and privileges, become ordinarily immaterial* upon a trial when the indictment charges that the place of such violation, in a case like this, is upon a public road and highway, and when the testimony of witnesses be without contradiction that such road is open or used for traffic by the public generally. There must of necessity be legislative authority to enact laws to protect the people in their exercise of all public rights, and it would be intolerable to think that when investigating the criminal liability of the drunken driver of an automobile on a roadway, more or greater proof would be required to establish the character of the road, than that it was or is open for the use, or used by the public for traffic.

*Id.* at 784 (emphasis added).

In *White v. State,* 131 Tex.Cr.R. 69, 95 S.W.2d 429 (1936) (per curiam), the Court of Criminal Appeals came squarely up to a motion to quash for failure to allege where the public highway was located. White's indictment alleged, in pertinent part:

> Did then and there unlawfully drive and operate a motor vehicle upon a public highway situated within said county and state, while he, the said Jim White, was then and there under the influence of spirituous, vinous and malt intoxicating liquors.

*Id.* 95 S.W.2d at 430. The Court then went on to hold that under such allegation, proof that the car was operated upon a public street in the city of Wellington was sufficient to meet the allegations of the indictment that the car was driven on a public highway in the county of Collingsworth.

Then in *Pritchett v. State,* 137 Tex.Cr.R. 423, 129 S.W.2d 676 (1939) (opinion on reh'g), where a claim similar to that in *White, supra,* was made, the Court of Criminal Appeals held that "public highway in Denton County, State of Texas" was "sufficient to apprise the person charged *of*

*the locality of the offense." Id.* 129 S.W.2d at 676 (emphasis added).

In *Bedwell v. State,* 142 Tex.Cr.R. 599, 155 S.W.2d 930 (1941) (per curiam), a motion to quash was urged that the indictment was too vague and indefinite on the grounds that same did not put the appellant on notice as to what highway of the county or upon what street, if any, of any town in said county the appellant drove drunk. The Court said:

> We deem the indictment sufficient to charge an offense against the laws of the state. If appellant operated a motor vehicle upon any highway or street of a town or city in said county while intoxicated, he violated the law, and it would seem to us to be unnecessary to allege the particular street or highway upon which he drove his automobile. Of course, if the State in its pleading had designated a certain highway or a certain street of a particular city, then it would be required to prove the offense as charged. *The State was not required to plead its evidence.* If the indictment is sufficient to advise the accused of the particular offense with which he is charged, that is all the law requires. [Citation omitted.]

*Id.* 155 S.W.2d at 931 (emphasis added). It is also noted that this case was decided just about the time that the first offense D.W.I. was declared a misdemeanor (as shown earlier in this opinion). The Court held that the 1941 change was but an amendment of the earlier law, not a new statute repealing the prior law. *Id.*

In *Simpson v. State,* 153 Tex.Cr.R. 413, 220 S.W.2d 664 (1949), the complaint and information were attacked because the allegation simply charged driving while intoxicated "on a public street in Brazos County, Texas," without naming a city or town. The Court of Criminal Appeals held this quite a sufficient allegation saying, "[a] 'road' may not always be accepted as a 'street', but a 'street' is a road, nevertheless. It is equivalent to saying that an animal is not necessarily a man, but a man is an animal, nevertheless." *Id.* 220 S.W.2d at 665.

In *Williams v. State,* 168 Tex.Cr.R. 622, 331 S.W.2d 57 (1960) the subject of overpleading was addressed directly. The information charged Williams with drunk driving on "United States Highway No. 59" in San Jacinto County. No witness specified such a numbered highway. The Court of Criminal Appeals, after noting the general rule that naming the situs is unnecessary, went on to reverse the cause for lack of proof of the *specific* pleading. *Id.* 331 S.W.2d at 58.

In *Birdsong v. State,* 387 S.W.2d 404 (Tex.Crim.App.1965), the appellant attacked the information on the grounds of fundamental error in that it was indefinite and uncertain by (1) not alleging a certain day; (2) not alleging any certain place in the very large County of El Paso where the alleged offense was committed. The Court of Criminal Appeals held: "We find no merit in the contention that the information, in view of Arts. 396 [now 21.02] and 398 [now 21.04] C.C.P., is not sufficiently definite." *Id.* at 405.

In *Joles v. State,* 563 S.W.2d 619 (Tex. Crim.App.1978), the Court of Criminal Appeals upheld a conviction where the indictment alleged "over and upon a public road" in Navarro County but the proof reflected a street in Corsicana. *Id.* at 621. Joles maintained that the indictment should have alleged a street or alley within the incorporated city limits of Corsicana. Judge Roberts wrote: "Appellant's first contention was decided adversely to him in the case of *White v. State,* 131 Tex.Cr.R. 69, 95 S.W.2d 429 (1936)" (cited, *supra* in this opinion). *Id.* It thus appears that in 1978, "street" or "alley" was still included in "public road."

In *Nevarez v. State,* 503 S.W.2d 767 (Tex.Crim.App.1974), a motion to quash was filed on an indictment charging the carrying of a pistol on premises licensed for alcoholic beverages. In pertinent part the indictment read:

> [O]n or about the 4th day of July A.D., 1972 in said County of McLennan and State of Texas, and anterior to the presentment of this indictment, Leon Nevarez did then and there carry on and

about his person a pistol while in a premise covered by a permit and license under the provisions of the Texas Liquor Control Act where the public is invited and alcoholic beverages are openly sold, served, and consumed.

*Id.* at 768. The motion to quash urged that the particular licensed premise was a part of the offense (an element of the crime); defendant cannot prepare his defense unless he knows what premises are involved; that ownership is involved and the indictment should name the owner of the premises where the license is in effect; and that the failure to describe the premises prevents a plea of jeopardy in case of a second prosecution. The Court of Criminal Appeals rejected Nevarez's contentions, pointing out that murder, burglary and theft may be committed anywhere in a county, but other offenses may be committed only in certain places designated by statute within a county. The Court used driving while intoxicated cases as an example where only "public highway or road" need be alleged. The Court then stated the rules as follows: "When an offense may only be committed in a certain type or class of places within a county it is sufficient to allege its commission in that type or class of place without alleging the specific place within the type or class." *Id.* at 769.

In *Lamm v. State*, 653 S.W.2d 495 (Tex. App.—Corpus Christi 1983, pet. ref'd), the Corpus Christi court was faced with a motion to quash in a speeding case. In support of such motion the proponent pointed out that there are nine types of highways upon which the *prima facie* speed limit is 55 m.p.h. and claimed that failure to inform the accused of which type was covered in the indictment prevented proper defense preparation and furnished no bar to further prosecution. The Court of Appeals found no merit to this contention, citing *Hodge v. State*, 527 S.W.2d 289 (Tex.Crim.App.1975).

In *Santana v. State*, 658 S.W.2d 612 (Tex.Crim.App.1983), the Court of Criminal Appeals was called upon to review the denial of a motion to quash in a case where Santana was charged with entering "a portion of a building" in El Paso county. It was held that "building" was defined in the

Penal Code and that definitions of terms are essentially evidentiary and need not be alleged by the State. It was also held that failure to allege the city and particular building did not render notice to Santana insufficient. *Id.* at 614.

In *Thomas v. State*, 621 S.W.2d 158 (Tex. Crim.App.1980) (opinion on reh'g), the Court of Criminal Appeals discussed the problem raised by pleading *defined terms*. The general rule was stated thus:

> The general rule is that a motion to quash will be allowed if the *facts* sought are *essential* to giving notice. However, unless a fact is essential, the indictment need not plead evidence relied on by the State.... Moreover, when a term is defined in the statutes, it need not be further alleged in the indictment. [Citations omitted.]

*Id.* at 161 (original emphasis). The opinion then discusses such terms as "owner", "effective consent", "sexual abuse". The Court then held:

> Additionally, under Article 21.11, V.A. C.C.P., an indictment is sufficient when it alleges the offense in ordinary and concise language with a degree of certainty as to give the defendant notice of the particular offense and to enable the pronouncement of the proper judgment. Nowhere is the State required to plead absolute factual allegations. *See* Article 21.04, V.A.C.C.P.

> Of equal importance is Article 21.12, V.A.C.C.P., which states:

> "When a statute defining any offense uses special or particular terms, indictment on it may use the general term which, in common language, embraces the special term. To charge an unlawful sale, it is necessary to name the purchaser."

The term "owner" is a general term. At trial, the evidence may reveal that the owner has a particular ownership—title, possession, or greater right to possession. However, Article 21.12 only requires the general term "owner" and not the special type of owner.

*Id.* This court has previously followed the teachings of *Thomas.* *See Hudson v. State,* 629 S.W.2d 227 (Tex.App.—Fort Worth 1982, no pet.).

Earlier we set forth the Penal Code definition of "public place." In light of certain assertions by appellant in her briefs and pleadings, together with a statement by the Court of Criminal Appeals in the remand opinion, we must examine this definition by parsing. "Public place" is the *subject* of a compound sentence. "Means" is the *transitive verb* of the first clause and "includes" is the *transitive verb* of the second clause. Dividing this compound sentence into two simple sentences produces the following result. The dominant clause would now read:

> "Public place" means any place to which the public or a substantial group of the public has access.

The subordinate clause would now read:

> "Public place" includes, but is not limited to, streets, highways, and the common areas of schools, hospitals, apartment houses, office buildings, transport facilities, and shops.

Viewed in this light, "public place" does not mean any *one* of the places named in the subordinate clause, but *any* place named in the subordinate clause is a "public place." Thus *proof* that the condemned activity occurred on any one or more of the places named in the subordinate clause would satisfy an *allegation* of "public place," but proof that the condemned activity occurred in some place to which the public generally had access would not alone satisfy an allegation of any one of the specific places named in the subordinate clause—further proof of the *specific* place alleged would be required.

Research reflects no decisions from the Texas Court of Criminal Appeals (or from our sister Courts of Appeals of Texas) interpreting this aspect of TEX.PENAL CODE ANN. sec. 1.07(a)(29). All we find are cases determining whether or not certain *proof* brings a particular situation within the ambit of this subsection, except this court's decision in *Forte v. State,* 686 S.W.2d 744 (Tex.App.—Fort Worth 1985)

(opinion on reh'g), wherein we held that "public place" was not unconstitutionally broad and that same gave fair notice to litigants. Although the Court of Criminal Appeals reversed *Forte, supra,* on other grounds, *see Forte v. State,* 707 S.W.2d 89 (Tex.Crim.App.1986), the fair notice holding was not disturbed (or even included in the grant of P.D.R.). We therefore hold that the Texas Legislature has *defined* "public place" as set forth in the "dominant clause," *supra* and that the Texas Legislature has *declared,* by legislative *fiat,* that the *loci* named in the "subordinate clause," *supra,* are "public places" *per se.* In so holding, we note that our research has reflected no prior *legislative* definition of "public place," but that the "dominant clause" definition we approve herein is entirely consistent with the common law definition of "public place" reflected throughout the many authorities observed during the preparation of this opinion. Extended citation to such authorities would only prolong an already too-long opinion.

Next we must consider the earlier factual recitation revealing that the 1984 amendment of TEX.REV.CIV.STAT.ANN. art. 6701*l*-1, has changed the gravamen of the offense. For years common usage dubbed this transgression as D.W.I. It now would appear that I.W.D. should become the proper acronym. Just as it has long been an offense to be intoxicated in public, it is now a greater offense to be intoxicated in public *while driving.*

Our earlier opinion in this case reflected that drunk in public charges need only reflect the county of the offense (to establish jurisdiction) but that more specificity of the *locus* was not required. When the additional element of "danger to himself or others" was added, we find no case changing the general requirement on specificity.

We find no sound judicial authority for saying anything different where public drunkenness becomes an "aggravated" offense by reason of driving or operating a motor vehicle. If the legislature had the power and duty to protect people on public highways from those who have made themselves unfit by the use of intoxicating li-

quor (as established in *Nichols v. State, supra*) then the legislature obviously has the power to protect those in and on public places from the same menace. We would paraphrase from *Bedwell, supra:*

> If appellant was intoxicated while operating a motor vehicle in any public place in the county, he violated the law, and it would seem to us to be unnecessary to allege the particular public place which he drove his automobile on. The State was not required to plead its evidence. If the information is sufficient to advise the accused of the particular offense with which he is charged, that is all the law requires.

*See id.* at 931. We deem the information in the instant cause sufficient to put appellant on notice of the offense charged.

Pursuant to instruction from the Court of Criminal Appeals we have examined the dissent filed by Ashworth, J. (now retired from this court). We note that the dissent contains no citation of authorities and no analysis of either question alluded to by the dissent. It simply states a personal conclusion to the effect that the instant information does not advise appellant of the offense charged and further that the information is so uncertain that it could not be pled in bar to another prosecution for the same offense. We concede to the dissenter his right to express such conclusion. We feel that the preceding discussion supports our contrary conclusion on the subject of sufficient charging of an offense. We feel that our subsequent discussion under the referenced instruction of the Court of Criminal Appeals to examine the applicability of *Adams v. State, supra* will dispose of the jeopardy matter.

Examination of *Adams* appears to us to involve two legal principles, to wit: (1) whether an indictment [information] which basically charges *an* offense is legally adequate when *evidence* is offered which clearly shows two [or more] critical evidentiary items are known to the parties and the prosecutor fails to allege one *or* the other *or* both [or all] of said items; *and* (2) if the first question reflects a flaw in the indictment, does the record reflect harm to the accused?

We have searched the record (which is actually very minimal) and find absolutely nothing to reflect (or even indicate) that appellant was involved in two or more incidents where (1) intoxication *vs.* sobriety was in question, or (2) driving or operation of a motor vehicle was in question, or (3) *any* action of appellant occurred where public *vs.* private was involved. In *Adams* the record reflected the existence of two pornographic films and the prosecutor was held derelict for failing to *properly* allege the specific film upon which the charge was based. Such parallel duality does not exist in this case. We thus find that appellant has not passed the threshold test for application of *Adams.*

If, however, we be errant in our understanding of the remanding court's instruction that we apply *Adams*, we will proceed with discussion of the second test of "harm" to the appellant. Since we have already held that the information herein adequately charges an offense, we have left remaining the conclusory statement in the dissent that there is such uncertainty in the accusation that the appellant could not plead a conviction as a bar to a future prosecution for the same offense.

Appellant has set forth in her brief a hypothetical situation suggesting that had appellant been arrested and charged with two I.W.D. offenses in Tarrant County on the same date and charged in each in the same manner as the instant cause, such informations would not put appellant on proper notice as to which of the two charges would be tried; and that it could not bar subsequent prosecutions. Appellant then goes on to urge that if one information showed "public street" and the other showed "common area of a school," then notice would be sufficient and subsequent prosecution would be barred.

We might be able to dispose of this contention by simply saying that this calls for an advisory opinion (a procedure from which we are barred), but such a disposition might fall short of the consideration put upon us by the remanding court.

Therefore we will pursue appellant's hypothet, together with its ultimate ramifications so as to test its soundness.

Assume, purely *arguendo*, that we should hold that appellant is correct, and thus reverse this cause on jeopardy grounds. Then further assume that the next drunk driver is arrested in the morning on Main Street in Fort Worth and that afternoon on Interstate 30, just inside the Tarrant County-Parker County lines; and further assume that both informations allege "public road." Would not the same argument now advanced in this cause require quashal unless "public street" and "public road" were alleged? Following that, assume that a drunk driver was arrested at the intersection of Main Street and Weatherford Street in downtown Fort Worth while driving to work at 8:00 a.m. and again arrested at the same intersection at 5:30 p.m. while driving home in a similar condition of intoxication. Just how specific would the allegations have to be in order to safeguard against jeopardy?

We conclude that if more is required than the wording of the statute, we would then mandate far greater specificity than was ever required before the 1984 amendment. This is specious reasoning in which this court will not indulge.

We will, however, cite precedent from the Court of Criminal Appeals to dispose of the "identical information" aspect of the hypothet. In *Hill v. State*, 544 S.W.2d 411 (Tex.Crim.App.1976), Hill was charged in four indictments with sales of heroin. Three dates were involved, two of which are of no moment to us here. As to the third date, we quote at length from the opinion:

> The indictments in the two causes are identical, alleging in pertinent part that appellant,
>
> "... on or about the 27th day of April in the year of our Lord One Thousand Nine Hundred and 73 in the County and State aforesaid, did then and there unlawfully sell a narcotic drug, to wit: Heroin to Troy Braswell...."
>
> In his motion to quash, appellant urged (1) the indictment did not allege an of-

fense with sufficient particularity for him to prepare a defense and (2) to require appellant to proceed to trial under the two indictments would deny him the defense of jeopardy.

Appellant does not challenge the sufficiency of the indictment to charge an offense. The thrust of his argument appears to be that the indictments were "... clearly insufficient to inform the appellant of what 'cause' or facts differentiated C-73-7976-J from C-73-7977-J."

An indictment, to be sufficient, must give the day, month, and year of the commission of the offense.... Both indictments alleged that the offenses occurred "on or about" April 27, 1973. The State is not bound by the date on or about which the offense is alleged to have been committed and a conviction may be had upon proof that the offense was committed at any time prior to the return of the indictment which is within the period of limitation. *Nees v. State*, 402 S.W.2d 186, Tex.Cr.App.; Art. 21.-02(6), V.A.C.C.P. The limitation period applicable to the offense here charged is three years anterior to the presentment of the indictment. Art. 12.01(4), V.A.C.C.P. If it be appellant's position that one of the indictments should have averred that one sale occurred on or about 11:05 A.M. on April 27, 1973, and the other indictment alleged another sale on the same date at about 2:50 P.M., the State still would not have been prohibited from proving any one of the sales of heroin to Braswell (all falling within the limitation period) under either indictment. "While the State is not required to plead its evidence, the allegations in the indictment must be sufficient to apprise the appellant of the act he is charged with committing." ... We find that the State has met such burden in its pleading and find no merit in the contention that the indictment was not sufficient to enable appellant to prepare a defense. [Citations omitted to here.]

With respect to appellant's argument that the court's ruling denied him the defense of jeopardy, we find that *Mar-*

*shall v. State,* 432 S.W.2d 918, Tex.Cr. App., cited by appellant, distinguishes the instant case from those cases where jeopardy was found to bar a second prosecution.

In *Marshall,* the defendant was charged with possession of marihuana in two cases. Upon the trial of the first cause, evidence of two sales of marihuana was presented. This Court found that defendant's plea of jeopardy should have been sustained at the subsequent trial upon the second indictment, the opinion reciting that the second trial fell within the following rule:

> "Where two or more similar but separate acts constituting separate offenses are placed in evidence under an indictment or information under which a conviction of either offense can be had, and neither the state nor the court elects one particular act on which conviction is sought, a plea of former conviction or of former acquittal will be good on a subsequent prosecution based on any of the acts or offenses proved, it being uncertain for which one the conviction was had."

Unlike *Marshall,* evidence under both indictments was presented at a joint trial and the State advised the court that it was seeking a conviction in Cause No. C–73–7976–J upon evidence showing a sale on the afternoon of April 27, 1973, and in Cause No. C–73–7977–J evidence was offered on a sale that occurred at "11:05 to 11:10 A.M." Thus, there was no uncertainty in the instant case as to which evidence or set of facts each conviction was based on. We find no merit in appellant's contention that the court's action in overruling his motion to quash denied him the defense of jeopardy.

We reject appellant's contention that the court erred in allowing the prosecutor to choose which sale related to which cause. To the contrary, we find that it was appropriate for the State to elect as to which "particular act on which conviction is sought" in each of the two causes. [Citation omitted.]

*Id.* at 412–14.

We find sufficient parallel between the foregoing and the instant situation as to be dispositive of the instant alleged error (and the dissent).

In the event we be in error in finding that the instant information contains no defect in form, under *Adams, supra,* we must examine the record for disclosed harm. We note the following:

1. Appellant *specifically* submitted no evidence in support of the motion to quash.

2. Appellant pled guilty, thereby judicially admitting that she was intoxicated while operating a motor vehicle in some public place.

3. *No evidence* was submitted at the trial.

4. No motion for new trial (or any other posttrial motion) was filed; thus *no evidence* was offered to show what defense could have been prepared.

From this we find nothing to support a claim that harm befell appellant.

Finding no error in the overruling of the motion to quash, we adhere to our earlier ruling affirming the judgment of the trial court.